2L 507
47 1568
47 1574

---

*WORKMAN vs. INSURANCE COMPANY.*

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

The intention both of the obligor and obligee must be sought for in the true meaning and spirit under which the agreement was made, as expressed in the written instrument.

In the construction of every instrument the ordinary and legal meaning of words must be taken into consideration.

The common and ordinary acceptation of the word *house,* embraces every thing appurtenant and accessary to the main building; so in legal acceptation, the sale of a house carries along with it whatever may be necessary to a full and complete enjoyment of the thing sold.

Where a house is insured, the back buildings will be considered as accessaries to the main building, and embraced by the policy.

The facts are stated in the opinion of the court, delivered by

*Mathews, J.*

This is a suit brought on a policy of insurance, as set forth in the petition, to obtain indemnity for the loss of property consumed by fire.

The cause was submitted to a jury in the court below,

Eastern District, June 1831.

WORKMAN
vs.
INS. COM.

who found a verdict in favour of the plaintiff for the value of the property destroyed, and also assessed damages against the defendants, for a noncompliance with the obligations of their contract. Judgment being rendered in pursuance of this verdict, the latter appealed.

The only difficulty which occurs in the decision of this case, arises out of the description of the property insured, being too general and indefinite to give that clearness and certainty, which it is desirable should prevail in all contracts. The property on which the insurance was effected is described to be "two houses, situate in Dorsier-street, adjoining the City Hotel, between Custom-House and Canal-streets, being Nos. 5 and 7, in the city of New-Orleans, in equal portions, ten thousand dollars," &c.

Following this description of the property and price fixed, the obligations assumed by the company are expressed, under sundry conditions, either suspensive or in avoidance of the contract, all on the same page, signed by its proper officer, with its seal affixed. On the third page of the same sheet of paper, are found a number of articles, purporting to be conditions of insurance, as established by the company. The first of these articles states that "persons applying for insurance on buildings, are to deliver into the office the following particulars, viz. of what materials the walls and roof of each building are constructed, as well as the construction of buildings contiguous thereto; whether the same are occupied as private dwellings, or how otherwise; where situated; also the name or names of the present occupiers. Each building must be separately valued, and a specified sum insured thereon," &c.

The evidence of the case shews that the main houses, or building insured, are situated in the place designated in the description as contained in the body of the policy; that they are used as counting and store-houses; that the whole lot on which they are placed, is enclosed by the outer walls of these houses and a continuation of said walls to the extreme rear

of the lot, where two other smaller houses are built, for the purpose of storing merchandise, leaving a small yard between the front and rear buildings, on the ends of which are kitchens and privies, for the use of the occupants of the counting-houses. On the 31st of March, 1830, the two houses in the rear were entirely destroyed by fire, as well as the kitchens and privies, and a slight injury done to the main buildings. The loss to the owner is estimated at $4552, by witnesses called to establish that fact. The jury gave a verdict for $4517 36, and $400 damages, the former being the sum claimed by him for his loss.

The counsel for the defendants assumed in argument that the questions on which a correct decision of this cause depends, are merely legal, and must be solved by a just interpretation of the written contract entered into between the parties. In this position we agree with him, and that the intention both of the obligors and obligee must be sought for in the true meaning and spirit under which the agreement was made, as expressed in the written instrument. In proceeding to this interpretation or construction, we shall leave entirely out of view, the article of the conditions of insurance, so much relied on in favour of the appellants; first, because its provisions are not incorporated in the body of the policy; and, secondly, because a compliance with its requisitions does not seem in any other manner to have been imposed on the appellee by the insurers.

In the construction of every instrument, the ordinary and legal meaning of words must be taken into consideration. In the present case we must inquire what the parties to the contract meant by the word *house*. In the common and ordinary acceptation, every thing appurtenant and accessary to a main building would be embraced by this word: *e. g.* if the plaintiff had made sale of his property in Dorsier-street, and told an acquaintance that he had sold his two houses there situated, the understanding would be that he had sold the main buildings, together with all others on the

The intention both of the obligor and oblieee must be sought for in the true meaning and spirit under which the agreement was made as expressed in the written instrument

In the construction of every instrument the ordinary and legal meaning of words must be taken into consideration.

The common and ordinary acceptation of the word *house*, embraces every appurtenant and accessary to the main

building. So in legal acceptation, the sale of a house carries along with it whatever may be necessary to a full and complete enjoyment of the thing sold.

Where a house is insured the back buildings will be considered as accessary of the main building and embraced by the policy.

lot. So in a legal acceptation, a sale of a house carries along with it whatever may be necessary to a full and complete enjoyment of the thing sold.—*See 3 Bacon Ab. p. 396.*

We have no doubt of the intention of the insured, in the present instance, to secure an indemnity by the contract of insurance, on all and every part of his buildings on the lot in the street where they are described as situated; this evidently appears from the payment (annually) of a premium commensurate with the entire value of the whole: and as the insurers seem to have waived a compliance with the conditions required by their first article on the subject of description and valuation, it is just to presume that they took on themselves the risk of loss by fire, of the entire property intended to be insured, in the whole and in all its parts. The back buildings being of inferior value, and capable of access only through those on the front, may fairly be considered as accessaries to the latter, and embraced by the policy. A different conclusion would, probably, be correct where the valuation, and consequent premium on front buildings, should be shewn to be wholly inadequate to the real value of storehouses in the rear of a lot. According to our best consideration, given to this case, both in weighing the evidence and consulting the law applicable to the subject, we are of opinion that the plaintiff ought to be indemnified for the loss of which he complains. But it must be confessed that we have arrived at this conclusion not without doubts. If we have doubted, well may the insurers have done so, in regard to their responsibility under their contract; being interested to view it in the most favorable light for themselves; and, consequently, the present is believed not to be a case in which damages should be assessed against them on account of the inexecution of their contract.

It is therefore ordered, adjudged, and decreed, that the judgment of the Parish Court be avoided, reversed, and annulled. And it is further ordered, adjudged, and decreed, that the plaintiff and appellee do recover from the defend-

ant and appellants, the sum of four thousand five hundred and seventeen dollars and thirty-six cents, with costs in the court below; those of the appeal to be borne by him.