BROWN *et al., Plaintiffs in Error,* v. TURNER *et al.*

### Division Two, December 13, 1892.

1. **Supreme Court**: JURISDICTION: TITLE TO REAL ESTATE. Where in a suit in equity, title to real estate is impeached, the case will be certified by the court of appeals to the supreme court. *(Baier v. Berberich,* 77 Mo. 413.)

2. **Personalty**: HOUSE BUILT ON LAND BY AGREEMENT: HUSBAND AND WIFE. Where a husband builds a house on his own land with his wife's money, under an agreement with her that it shall remain her property, such house is personalty and. on the husband's death will pass to her personal representative and not to her heirs.

3. ———: ———: ———: EQUITY. Such personal representative may in such case obtain appropriate relief in equity.

4. **Improvement of Husband's Land with Wife's Money**: EQUITY. Where the husband simply invests his wife's money in improving his own land, she becomes his creditor and equity will reimburse her.

*Error to St. Louis City Circuit Court.*

AFFIRMED.

*Stone & Slevin* for plaintiffs in error.

(1) A wife's separate estate should not be deemed to have been reduced to possession by her husband, unless consent of the wife thereto be evidenced by her writing. *Rodgers v. Bank,* 69 Mo. 583; *Rieper v. Rieper,* 79 Mo. 358; *Blair v. Railroad,* 89 Mo. 391; *McCoy v. Hyat,* 80 Mo. 136; *Broughton v. Brand,* 94 Mo. 169. (2) The administrator takes only the personality of the decedent. The realty passes at once to the heirs, subject only to liability for debts. Woerner's American Law of Administration, sec. 338; *Chambers*

*v. Wright*, 40 Mo. 482. (3) A house is not personalty; it is real estate, being attached to the soil. Tiedeman on Real Property, sec. 2. (4) Where a person uses the money of another in the purchase of real estate, taking the conveyance in his own name, a resulting trust arises in favor of the parties advancing the money in proportion to the amount of the consideration which they may have respectfully contributed. The controlling question is *the ownership of the purchase money. Baumgartner v. Guessfield*, 38 Mo 41; *Shaw v. Shaw*, 86 Mo. 594; *Martin v. Colburn*, 88 Mo 229–231; *Bower v. McKean*, 82 Mo. 594; 3 Pomeroy on Equity, secs. 1103, 1104; *Bank v. Hamilton*, 34 N. J. Eq. 158. And, where money acquired by a married woman during coverture as her own property is intrusted to the husband for investment in real estate under an agreement that it shall be for her benefit and in her behalf, and is by him invested in real estate in his own name, the real estate will be treated in equity as her real estate (*Kidwell v. Kirkpatrick*, 70 Mo. 214; *Burns v. Bangest*, 92 Mo. 176; *Cooper v. Standley*, 40 Mo. App. 144; *Bowen v. McKean*, 82 Mo. 594), and the legal title to said real estate held by the husband in his own name, is held by him "in trust for her heirs, as he did for her during her lifetime." *Broughton v. Brand*, 94 Mo. 169. (5) This dwelling house was real property. *Bowen v. McKean*, 82 Mo. 594; Washburn on Real Property [3 Ed.] sec. 36, p. 21; Revised Statutes, 1889, sec. 2431, 4917. Real property includes "lands, tenements and hereditaments;" and *"land"* includes everything erected upon its surface, such as buildings, trees, etc. (Tiedeman on Real Property, sec. 2.); and as between the heirs and executor it constitutes a part of the realty and passes to the heirs. Tiedeman on Real Property, sec. 4. (6) These heirs could get no relief by going to the probate court, because that court

would have no power or jurisdiction to order a sale of said real estate for any purpose whatever. *Boston v. Murray*, 94 Mo. 175.

*Lee, McKeighan, Ellis & Priest* and *Gustave L. Stern* for defendants in error.

(1) When the person to whom the conveyance is made pays part of the purchase money, no trust results to anyone who advances the residue, unless the part of the purchase money paid by him in whose favor the resulting trust is sought to be enforced is shown to have been paid for some specific interest in the estate, for some aliquot part, as it is sometimes expressed. *McGowan v. McGowan*, 14 Gray, 19; *Perry v. McHenry*, 13 Ill. 227, 238; *Dudley v. Bachelder*, 53 Me. 403; *Baker v. Vining*, 30 Me. 121; Brown on Statute of Frauds, sec. 86. (2) There can be no resulting trust of an estate to a particular extent of its value, leaving the residue of its value in the grantee. Wells on Separate Property of Married Women, 263; *Dyer v. Dyer*, 1 White & Tudor's L. C. Eq. 340; *Sayre v. Townsend*, 15 Wend. 647; *Gibson v. Foote*, 40 Miss. 788. (3) Being placed on the land with express intent, and understanding that the house remains the property of the wife, according to plaintiff's claim it did not become part of the realty, but remained personal property. *Lowenberg v. Bernd*, 47 Mo. 297; *Hines v. Ament*, 43 Mo. 298; *Matson v. Calhoun*, 44 Mo. 368. (4) The subsequent sale of the land to defendant Bird would not change the character of the plaintiff's claim (granting that Bird was not a *bona fide* purchaser), and, inasmuch as the house was personal property so far as rights of husband were concerned, being, according to plaintiff's claim, separate personal estate of the wife, to be released to the husband in

writing alone. *Lowenberg v. Bernd, supra; Priestly v. Johnson*, 67 Mo. 632; *Doty v. Gorman*, 5 Pick. 489; *Howard v. Fessenden*, 14 Allen, 124; *Morris v. French*, 106 Mass. 326; *Russell v. Richard*, 10 Me. 429.

GANTT, P. J.—This is a proceeding in equity by the heirs at law of Mrs. Margarite Turner against Thomas Turner, her surviving husband, and John Bird, for the recovery of a certain dwelling house in the city of St. Louis.

The petition recites that Mrs. Turner died June 5, 1889, leaving plaintiffs as her sole heirs at law, that prior to her death, and in the year 1889, she had received from the Ancient Order of United Workmen, $1,500, the proceeds of a benefit certificate, of which she was the beneficiary, upon the life of her brother, John Green; that Thomas Turner was the husband of said Margarite Turner, and was prior to June 5, 1889, the owner of the two lots in the city of St. Louis described in the petition; that a short time after said Margarite Turner received said $1,500 she delivered the same for safe keeping to defendant Thomas Turner, who thereafter, with the consent and under the direction of said Margarite, invested the same for and in her behalf, in the erection of a dwelling house upon one of said lots, therein before described; that all of said $1,500 entered into and was expended by said Turner in the erection of said dwelling and no other money was used therein, save $200 contributed thereto by said Thomas Turner.

They allege further, that said $1,500 was the separate property of said Margarite, and prior to her death had never been reduced to possession by her said husband; that, at the time of the erection of said house, it was understood and agreed between said Margarite Turner and defendant Thomas Turner that said dwell-

ing house should be and was the property of said Margarite, although title thereto seemed and was permitted to remain in said Thomas by reason of his ownership of the lot upon which it was erected.

Plaintiffs then allege, that, upon her death, the title to said house vested in them as heirs at law and tenants in common. They then charge that, on the tenth of June, 1889, said Thomas to defraud them conveyed said lot to defendant John Bird, and charged notice of the fraud upon said Bird.

They ask that Bird's deed be set aside; that they be declared owners of said property; that said Thomas be declared a trustee for plaintiffs, and as such be ordered to sell the said lot, or so much as is necessary, to pay plaintiffs $1,500 and their costs.

Defendants demurred to this petition: *First,* Because it did not state facts sufficient to constitute a cause of action, and *second,* that there is a defect of parties plaintiff in this, that under the averment of said amended petition the administrator of the estate of Margarite Turner deceased should bring the action, and the plaintiffs have no right to bring said suit, it being averred in said amended petition that the dwelling house referred to (separate from the lot on which the same stands) belonged to Margarite Turner, deceased, and therefore necessarily was personal property which passed to the administrator of said estate. *Third.* Because, according to the averments of said amended petition, plaintiffs have no remedy in a court of equity. *Fourth.* Because none of the plaintiffs are necessary parties to a complete determination of this action.

The circuit court sustained a demurrer, and, the plaintiffs electing to stand on their petition, final judgment was rendered, and they appealed to the St. Louis court of appeals. That court certified the case to this court, because plaintiffs impeached the title of the

defendant Bird to the lot in question, and also defend-
ant Turner to said property.    *Baier v. Berberich*, 77 Mo.
413.

I. Plaintiffs necessarily assume that the house,
under the allegations of their petition, is *real estate*,
because if it is personal property, and the object of
their action is merely to charge the house and lot, upon
which it stands, with a debt due from Thomas Turner
to his deceased wife, their mother, then the right of
action is in her executor or administrator.

A dwelling house is *prima facie* a part of the realty
on which it stands, and the word house embraces the
land on which it is built.    *McMillan v. Solomon*, 42
Ala. 358; *Com. Council of Richmond v. State*, 5 Ind. 334;
*Doe v. Collins*, 2 Term Rep. 498; *King v. Railroad*,
29. L. J. Ch. 462; *Workman v. Ins. Co.*, 2 La. 507; 22
Am. Dec. 141.

But in their petition the plaintiffs expressly nega-
tive any such presumption in this case.    They aver that
the lot was the property of the husband, and remained
so till he conveyed it to Bird.    They assert no title
whatever to the lot itself, but claim the house alone.
Now while improvements put upon land ordinarily
become a part of the realty, there is no inexorable rule
of law that will prevent the owner from giving a license
to another to place a building on his land and agreeing
that it shall not thereby become the landowner's prop-
erty, or a part of the land.    This is thoroughly well
settled in this state.

In *Lowenberg v. Bernd*, 47 Mo. 297, Judge BLISS
said:    "When one builds a house or fence, or places
any other erection upon the land of another with his
permission, with the intention that it be held as the
property of the builder, *it continues personal property*,
and the owner may remove it when the license is with-
drawn."    *Hines v. Ament*, 43 Mo. 298; *Matson v.*

*Calhoun*, 44 Mo. 368; 1 Washburn on Real Property [2 Ed.] p. 542; *Russell v. Richards*, 10 Me. 429; *Ashmun v. Williams*, 8 Pick. 402; *Priestley v. Johnson*, 67 Mo. 632; *Hunt v. Railroad*, 76 Mo. 115; *Nieswanger v. Squier*, 73 Mo. 192.

The law would estop the owner of the land from claiming the house under such circumstances. No less would it estop the husband in this case from claiming the house, if, as is alleged in the petition, he built it with his wife's money under an agreement with her that it should remain her property, but he would not be estopped from denying that it was real estate. The house was personal property, and as such passed upon her death to her personal representatives, and not to plaintiffs who are her heirs. It follows that the second and fourth grounds of demurrer were both well taken.

As the administrator is not a party plaintiff, there is a defect of parties plaintiff, and on the other hand neither of plaintiffs are necessary or proper parties. That Mrs. Turner's administrator or executor may in an appropriate proceeding obtain relief in an equitable proceeding against the defendants, if the facts are as they state, we doubt not, but the heirs cannot maintain this action.

If the action is brought again by the administrator or executor, it seems clear that the facts alleged in this petition do not create a resulting trust in the lot. If it should turn out that Thomas Turner simply invested his wife's money in improving his own property, then she became his creditor to that extent and could have maintained an action in equity against him to recover it, and, if he had no other property, the court would doubtless subject this lot to her debt; but neither she nor her heirs can assert a title to his lot because he used her money in building the house.

Of course nothing here said is intended to prejudice the rights of the defendants, or either of them, to assert their defense when a proper action is brought.

The judgment is affirmed.    All concur.