On Rehearing.
Watkins, J.
The following are' the grounds of de'endant’s motion, viz.:
1. That there is error in the said opinion, in so far as it holds that there was a constructive total loss of the buildings described in plaintiff’s petition as the consequence of fire; that the fact and truth was and is, that any loss suffered by plaintiff in the premises, and due to fire, can easily be differentiated and separated from the loss due to the general bad condition of his buildings; to their age, consequent infirmities and defects, and to the consequent necessity, as found by the court, of tearing down the same after the fire alleged to have been the cause of all the loss suffered by plaintiff.
2. That there is error in the opinion of the court in that it finds that the lower court adopted the minimum valuation of witnesses as to the value of the premises described in plaintiff’s petition, whereas in truth and in fact both the lower court and this court adopt the maximum valuation, and that the finding of the court as to the measure of damages is erroneous, even if defendant and appellant is to be held liable for the value, at the time of the fire, of all the buildings and constructions described in plaintiff’s petition.
3. That there is error in said opinion in holding that the defendant and appellant should be mulcted in the value of one-half of the party wall, which did not belong to the plaintiff at all, and for which, as appears from the record, he has already instituted suit against third persons.
*1570 4. That there is error in the opinion of the court in so far as it holds the insurance company liable for the value of the yard wall, the value whereof is expressly excluded from consideraron under the terms of the policy sued on.
1. Was there “ a constructive total loss of the buildings described in plaintiff’s petition as the consequence of the fire?”
Is there error in our opinion in this respect?
Defendant’s counsel put their proposition thus:
“ Upon the first point then we respectfully submit that the court should, as the first element in deciding upon the amount of plaintiff’s recovery, fix upon the value of the property forming the subject-matter of the total loss which, if you assume the whole of the front building to be lost, wifi be somewhere between three thousand dollars and five thousand three hundred and thirty-three dollars and thirty-three and one-third cents. And taking those figures as a starting point, then deductions or additions should be made according to the views of the court upon the following propositions:
“ The burden of proof was upon plaintiff, and he has failed by a fair prepondi ranee of proof to show that the loss is as high as the second-named figures. To give him the average of the two, or four thousand one hundred and sixty-six dollars and two-third cents, is more than fair. To give him three thousand dollars seems to us the necessary result of the present state of the record.” Brief, p. 4.
Consulting plaintiff’s petition, we find the following allegations, viz.:
“That your petitioner is the bona fide and legal holder of fire policy No. 4,368,896, issued by the (defendant) company for ten thousand dollars, upon the buildings and improvements on the property situated at the corner of Royal and Customhouse streets.
í¡: ¡{t % * * * *
Said buildings and improvements being designated in said policy as consisting of a three-story brick slated building, and rear building attached.”
The petition further represents “ that, on the 28th of October, 1891, * * * a fire occurred in the premises immediately adjoining your petitioner’s above described property, and was communicated to the said buildings and improvements, covered by said policy, and that the effect of the said fire was such that the said buildings and improvements, covered by said policy, were greatly *1571 injured and damaged thereby; and the loss by said fire to your petitioner was practically a loss and entire destruction of the property insured aforesaid; and your petitioner is entitled to recover on the said policy for the total loss of the property insured."
Therefore, plaintiff’s claim is the total loss of all the buildings insured, and Ms averment is that the loss by said fire “ was practically a loss and entire destruction of the property insured; ” that is to say there was a constructive total loss of all the property insured.
In our opinion we say:
“ The serious question in this case is as to the amount of the loss. The building was old, and the copious testimony as to its walls, flooring, joists, openings, and in other respects, produces the conviction that the building when insured was not sound.
“ It was seriously affected by the fire, both by the flames and the falling walls.
“ The party wall was so injured as to be useless; that portion dividing the yards was inclined; the wall opposite the party wall— that is, on the Customhouse (street) side — was strained; and there is testimony (that) the cross wall leaned and (that) the joists were charred.
“ Of course, the injuries by the fire were the more serious because of the condition of the premises, requiring, it seems, girders and other appliances to hold it together; and it is in proof that, at the time of the fire, necessary repairs were being made. The current of the testimony is (that) the building was old and frail before the fire — one of the witnesses testifying that it was unsafe, and that it was so injured by the Are as to make it insecure, even with the repairs to be made.
“ In this condition the building was condemned by the City Engineer, and there was a refusal on the part of the city authorities to. permit any repairs. The public safety, in their opinion, required the building should be rebuilt.”
After thoroughly reviewing the evidence applicable to the situation just described, the opinion says:
“ Conceding the action was not conclusive, we are remitted' to the issue of fact as to the condition of the building, and our conclusion from the record is that no repairs would have furnished a safe building.”
*1572 Again, the opinion says:
“ A total loss may be claimed though the walls of a building stand, and the elements that composed it be not entirely consumed. It is the same, we think, when the insured building can not be made secure by repairs. Nor will it make any difference in such cases of constructively total loss that the condition after the fire is due, in part, to causes existing before. Such cases are deemed the remote and not the proximate causes of the loss.
“The insurer taking a risk on an old and, in this instance, an insecure building, incurs the obligation to pay for a total loss, if the injuries by the fire, combined with antecedent defects, make repairs impracticable.”
We have made these lengthy extracts from the opinion as the best means of showing there was a constructive total loss of all the buildings which were covered by the policy.
Neither the statement of the opinion nor the legal principles announced as controlling it, are called in question by counsel for the insurance company, nor is the summary of the proof afforded by the record disputed.
It is our conclusion that there was a constructive total loss of the-building described in plaintiff’s petition.
II.
Is there error in the opinion in stating that the court adopted the minimum valuation of witnesses as to the worth of the building insured?
On this question the opinion says:
“ The value of the old building at the time of the fire is the measure of indemnity promised by the policy. Recognizing this measure as applicable to this case, we understand it to be not disputed (that) the lower court has adopted the minimum valuation of the witnesses.”
The plaintiff sued for ten thousand dollars, the full amount of the policy, and the District Court gave him judgment for eight thousand dollars only; and our opinion and decree affirm that judgment.
At the date of the issuance of the policy — September 20, 1891— the- building insured was estimated to be worth ten thousand dollars, the amount of the defendant’s risk; and the loss by fire occurred on the 28th of October, 1891 — a few days over one month intervening between those dates.
*1573 Under this estimation of the value of the property the defendant accepted premiums from the plaintiff and undertook the risk; and under this claim of deficiency in value this court has diminished the plaintiff’s recovery by two thousand dollars.
There is in defendant’s answer no charge of either concealment or fraud on the part of plaintiff in procuring the insurance at ten thousand dollars of valuation.
On the question of .actual value of the property, one witness — a dealer in real estate, and well acquainted with the property — said that in 1890 it was worth twelve thousand dollars or fifteen thousand dollars.
The plaintiff, as witness, says it was worth twelve thousand dollars or fourteen thousand dollars.
A contractor states that a duplicate of the building destroyed would cost nineteen thousand nine hundred and fifty dollars.
Another builder and architect placed its value at twelve thousand dollars. He says he considers the value of the old building, at the time he examined it, something like eight thousand dollars.
Another witness, this last one for defendant, states that it would have cost ten thousand dollars to replace the burnt buildings.
In our opinion, we regard this testimony as perfectly conclusive to the effect that the District Judge adopted the lowest valuation and not the maximum valuation, as charged.
III.
With regard to the allowance for the party wall being reduced one-half, we think the defendant’s claim is groundless, because we have already held that defendant is liable to the plaintiff for a constructive total loss, and he can not be reimbursed for a total loss if one-half of the value of the party wall is deducted from his claim and he be relegated to an action against his co-proprietor for reparation of his loss on that behalf.
Our opinion says: “.The insurer suggests that there should be, in any event, an allowance for one-half of the value of the party wall not insured. We understand (that) its right against the adjacent proprietor for that half would pass by subrogation.” 2 Woods, ■Sec. 500.
“ Still, there is no objection to (making) the reservation of that right.”
*1574 We see nothing in defendant’s brief to shake our conclusions on this subject.
If the defendant be responsible under his contract to repair and make good to plaintiff a constructive total loss, it must pay for the party wall, otherwise the remuneration would prove inadequate for the purpose of rebuilding, and the complete measure of its engagement would be unfulfilled.
The remaining question is, whether there is error in our opinion in holding the defendant for the value of the yard wall; that is, the wall which separated the yard of the plaintiff from that of the adjoining yard.
In our opinion we say:
“The defendant contends against any liability for injury to the wall between the yard and the adjacent premises.
“The insurance was on the main and rear buildings. We are not furnished with any authority excluding under such a policy injury to the connecting yard walls.
“ It would seem that a policy on buildings, front and rear, should be deemed to include appurtenances as walls.” Wood on Fire Insurance, Sec. 474; Workman vs. Insurance Company, 2 La. 507.
Having gone over this case again very thoroughly, we are fully convinced that our opinion and decree are correct and must remain undisturbed.
It is therefore ordered and decreed that our original judgment and decree remain undisturbed.