Board of Education v. The State.

---

The Board of Education of the City of Topeka v. The State of Kansas and School District No. 22.

No. 11,915. (67 Pac. 559.)

SYLLABUS BY THE COURT.

1. Schools and School Districts—*Attached Territory — Liability on Bonds.* In 1886 a school district which adjoined a city of the first class issued bonds, a part of which were used for the purchase of a site for a schoolhouse, and the remainder, together with the proceeds of another issue in 1888, were expended in the erection and furnishing of a school building. In 1889 the city extended its boundaries, and annexed a large part of the territory of the school district, including the land on which the schoolhouse

was situated. By chapter 128 of the Laws of 1893 (Gen. Stat. 1901, §§ 6428–6430), there was provided a method for a settlement between a school district and a city when a district, or part of it, is annexed by an extension of the city limits. *Held*, that the law, although retroactive in its effect in this case, is valid, and that a moral obligation rested on the city, after the annexation, to assume payment of the bonds outstanding, issued by the school district to pay for the school building and site, which this law changed into a legal obligation.

2. ———— *Statute Construed— "Schoolhouse" Includes Site.* Section 2 of chapter 128, Laws of 1893 (Gen. Stat. 1901, § 6429) provides that the board of education, or the district board retaining the schoolhouse, shall assume the bonded indebtedness incurred in building and furnishing such schoolhouse. *Held*, that, under the facts stated in the first paragraph of this syllabus, the city is not only liable to pay the bonds issued by the school district and used for building and furnishing the schoolhouse, but also the amount of said bonds used for the purchase of a site. The word "schoolhouse" includes the site.

3. ———— *Title of Act Sufficient.* The title of chapter 128, Laws of 1893, in its application to section 2 of the act, is sufficiently broad to satisfy the requirements of section 16, article 2, of the constitution.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed January 11, 1902. Modified.

*Welch & Welch*, for plaintiff in error.

*Troutman & Stone*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: This was an action brought by the state of Kansas on behalf of its permanent school fund to recover from school district No. 22 of Shawnee county upon two series of bonds issued by the district, which were ten bonds of $300 each, executed and delivered on October 9, 1886, bearing six per cent. annual interest, and eight bonds of $500 each, dated August 15, 1888, drawing interest at five per cent. In August, 1889, the city of Topeka, by an ordinance which

wâs approved by the district court, extended its bound-aries to include a large portion of the adjoining ter-ritory of school district No. 22, and annexed to the city that part of the district on which the schoolhouse stood.   On motion of the school district, the board of education was made a party defendant to the action. The school district filed an answer and cross-petition, praying that the board of education be adjudged lia-ble to pay the full amount of said bonds and interest. The case was tried below on the following agreed facts :

"First, that of the bonds sued upon by the plaintiff and as issued by the defendant school district No. 22 in 1886, the sum of $1500 was expended for the pur-chase of the school site which was afterwards built upon by said district and afterwards taken into the city by the lawful extension of its limits, and that the balance of the issue of said bonds in 1886, to wit, $1500 and all of the issue of the $4000 in bonds sued upon by plaintiff, were expended in the erection and furnishing of said school district heretofore referred to.

"Second, that out of the moneys in the treasury of said school district there was, after the first issue but prior to the second, expended in addition to the above, for the erection and furnishing of said schoolhouse and its environments, a sum in excess of $1500."

The board of education filed an answer and cross-petition, in which it averred that the board and the school district, after the annexation, mutually agreed to divide the expense of maintaining the school, and arranged between them that the board of education should assume and pay a certain proportion of the bonds.   These allegations were held by the court be-low on demurrer to furnish no basis for a cross-de-mand against the school district or any defense to the bonds.   The board of education in this pleading ex-pressly consents that the court render judgment

against it for the full sum of the bonds, less the amount due it from district No. 22, which it sets out.

In 1893 an act was passed by the legislature entitled : "An act relating to cities of the first and second class, providing for the settlements between a school district or a part of a district and the city, when annexed by the extension of the city limits." (Gen. Stat. 1901, §§ 6428–6430.) Section 1 of the act (Gen. Stat. 1901, § 6428) provides that when all the territory of a school district is annexed to a city all its property shall be transferred to the board of education of such city, and the latter held responsible thereafter for the valid floating and bonded debt of the district. Section 2 (Gen. Stat. 1901, § 6429) relates to the disposition of the property of the school district when a part of its territory is annexed to the city, and provides a method of adjustment by which the county superintendent is to determine the present value of the school property in the district, and equitably apportion the same, together with all moneys due to or in the hands of the district treasurer. The next to the last paragraph of this section reads : "The board of education, or the district board retaining the schoolhouse, shall assume the bonded indebtedness incurred in building and furnishing such schoolhouse." (Gen. Stat. 1901, §§ 6428–6430.) The court below rendered a judgment as follows :

"That the state of Kansas have judgment against said school district No. 22 for the sum of $11,447 ; that said plaintiff also have judgment against the defendant, the board of education of the city of Topeka, for the sum of $8994, and that the said board of education of the city of Topeka is primarily liable for said last-mentioned sum, and that the defendant school district No. 22 is exclusively liable for the residue of said judgment, to wit, $2453."

It was ordered that the plaintiff exhaust its remedy against the board of education for the collection of said $8994 before it proceed against the school district for the collection thereof. The $2453 for which the school district was held to be exclusively liable represents the cost of the site for the schoolhouse, which amount the court below decided could not be imposed upon the city under' the terms of the legislative act of 1893, above referred to. To reverse this ruling the school district has filed a cross-petition in error.

It is contended by counsel for the board of education that the title of chapter 128 of the Laws of 1893 is not broad enough to cover a liability imposed by section 2 upon the city for the cost of building and furnishing the schoolhouse. The paragraph fixing this liability is preceded by a direction to the county superintendent how to divide the school money and property of such district when a part of its territory is annexed to a city. When part of a country school district is taken into a city, and a settlement is made by the county superintendent between the part annexed and the city, this carries with it an adjustment of the rights of that portion of the district which is not annexed. It is within the constitutional power of the legislature, when a part of the territory of a school district upon which a schoolhouse is situated is taken into a city to charge the latter with the payment of bonds issued by the district to build the schoolhouse, although the city should annex no more than the site of the building. This court has viewed with great liberality the titles to legislative acts, in order to sustain the enactments against the objections that the body of the laws was too broad to come within the scope of their titles. (*City of Eureka v. Davis*, 21 Kan. 578; *In re Pinkney, Petitioner*, 47 Kan, 89–95,

27 Pac. 179 ; *Comm'rs of Cherokee Co. v. The State, ex rel.*, 36 Kan. 337, 13 Pac. 558.)

Getting the property, a moral obligation rested on the city to pay for it. There can be no constitutional objection to a retroactive law which changed this moral obligation into a legal one. (*Comm'rs of Sedgwick Co. v. Bunker*, 16 Kan. 498 ; *Perry County v. Conway County*, 52 Ark. 430, 12 S. W. 877, 6 L. R. A. 665.)

Concerning the power of the legislature to change the boundaries of school districts and apportion their property, see *Lowe et al. v. Hardy et al.*, 26 Pac. (Utah) 982.

The law of 1893 declares that "the board of education, or the district board retaining the schoolhouse, shall assume the bonded indebtedness incurred in building and furnishing said schoolhouse." The court below held that this assumption did not include the cost of the site of the building. We think this view is too narrow. The bonds sued on recite that they were issued "for the purpose of erecting a schoolhouse in said district in pursuance of chapter 49 of the Laws of 1879." The sum of $1500 was taken from the proceeds of these bonds by the officers of the school district and used in buying land for a site. This was done in the face of section 6 of said law of 1879, which makes the school officers liable to fine and imprisonment for using any of the money accruing from the sale of such bonds for any other purpose than that designated in the act, which is to erect or purchase one or more *schoolhouses* for the district. The school officers, when they bought the site in 1886, certainly entertained the view that authority to buy a house included the land ; else they proceeded with a criminal intent.

If the city had annexed all of the territory of school district No. 22 except one acre on which the schoolhouse stands, counsel for the district would hardly contend that the city was obligated to pay for the site under section 2 of the law of 1893.

"And by the grant of a house, the ground whereon it doth stand, doth pass." (Shep. Touch. 90.) A testator bequeathed "my brick house," a building 73½ feet long by 20 feet wide, situated on the corner of a lot 132 by 82½ feet. It was held that the lot upon which the house stood passed by the devise of *the house*. (*The Common Council of the City of Richmond v. The State*, 5 Ind. 334.) "As the land upon which the building stands is essential to the existence of the structure, it is fairly to be presumed that it was the intention of the legislature to include it in the provisions of the statute by the phrase '*houses of religious worship*.'" (*Trinity Church v. Boston*, 118 Mass. 164.) This was a case construing an act exempting "houses of religious worship" from taxation, and the law was subject to the rule of strict construction. "*Messuage*. The best writers represent this word as synonymous with *house*, and as embracing an orchard, garden, curtilage, adjoining buildings, and other appendages of a dwelling-house." (Ander. Dict. of L.) "In a grant or devise of a *house* the curtilage and garden will pass, even without the words 'with the appurtenances' being added." (Bouvier; *Estey v. Currier*, 98 Mass. 501; *Allen v. Scott*, 21 Pick. 25, 32 Am. Dec. 238; *Webster v. Potter*, 105 Mass. 414; *Jackson v. White*, 8 Johns. 60.)

That part of the answer of the school district which pleaded an amicable adjustment of the claims to property between it and the city, some four years before the act of 1893 was passed, stated no valid defense.

The statute above cited lays down a mode of procedure for dividing the property which must be followed.

The judgment of the court below will be modified, with directions to enter judgment against both of the parties defendant below for the whole of plaintiff's demand, the board of education to be adjudged primarily liable and the school district secondarily liable for the amount.

DOSTER, C. J., JOHNSTON, GREENE, JJ., concurring.