Town of Rolling, Appellant, vs Wunderlich, Respondent.

*March 12—March 30, 1909.*

(1) *Appeal: Review: Assumption as to facts.*  (2–4) *Towns: Purchase of half interest in hall: Land included: Petition construed: Town officers: Liability for money received: Authority to bring action.*

1. Upon appeal from a judgment entered on a directed verdict, the assumption as to matters of fact whereon the evidence was conflicting must be most favorable to the appellant.

2. A petition of freeholders, emanating from an association which owned a hall and the lots upon which it stood, asking submission to the electors of the question of raising a certain sum to buy "a one-half interest in the hall," means, *prima facie,* an undivided one-half interest in the building and in the grounds on which it stands, free from incumbrances.

3. The chairman of a town board, who was also an officer of an association owning a hall and the land on which it stood, presented to the town clerk a petition of freeholders asking submission to the electors of the question of raising money to buy a half interest in such hall.  This petition was not filed nor the notices given a sufficient time before the town meeting, but the proposition was carried at such meeting.  The chairman, acting both for the association and for the town, procured a town order for the amount to be paid, receipted for it as an officer of the association, and delivered it to the association without requiring any conveyance from the association to the town, and thereafter, as a creditor of the association, had the order transferred to him and obtained the money thereon. *Held,*

that his dereliction in duty as a town officer in failing to obtain the conveyance, combined with the defects in the proceedings, rendered him liable to the town for the return of the money, with interest.

4. A resolution adopted at town meeting instructing the town officers to start an action against two persons named unless satisfaction as to a certain matter was obtained, was sufficient to authorize an action against one or both of such persons.

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Kreutzer, Bird & Rosenberry,* and oral argument by *C. B. Bird.* They cited *Chippewa·B. Co. v. Durand,* 122 Wis. 85, 99 N. W. 603; sec. 776, subd. 10, and secs. 788, 789, Stats. (1898); *Hubbard v. Williamstown,* 61 Wis. 397, 21 N. W. 295; *Fox Lake v. Fox Lake,* 62 Wis. 486, 22 N. W. 584.

*T. W. Hogan,* for the respondent, cited, among other cases, *State ex rel. Manitowoc v. County Clerk,* 59 Wis. 15, 16 N. W. 617; *Wickham v. C. & N. W. R. Co.* 95 Wis. 23, 69 N. W. 982; *State ex rel. Mitchell v. Decatur,* 58 Wis. 291, 17 N. W. 20; *State ex rel. Wunderlich v. Kalkofen,* 134 Wis. 74, 113 N. W. 1091.

TIMLIN, J.   The appellant town brought an action against the respondent to recover the sum of $656, money of said town alleged to have been received by respondent without any consideration therefor.   Counsel for the appellant designates it as an action for money had and received.   At the close of the evidence the circuit court directed a verdict for defendant.

The facts in evidence are that an association called the Modern Woodmen of America, Sunrise Camp No. 3062, owned a hall situated on lots 2 and 3 of block 16, village of Elmhurst, in the plaintiff town.   Respondent was an officer of that association and chairman of the town board of supervisors, and the association owed him more than $656 for ma-

terial used in construction of the hall. Fifteen freeholders of the town presented to the town clerk a written request emanating from the association that there be submitted to the vote of the electors at the annual town meeting to be held on the 4th of April, 1905, the question whether the town raise the sum of $656 for the purpose of buying a one-half interest in the hall in question. There is a conflict of evidence as to whether this was delivered to the town clerk on March 10, 1905, or about March 27, 1905. The clerk posted notices required by statute to the effect that this question would be brought before the electors at the coming annual meeting, but there is a conflict of evidence as to whether these notices were posted fifteen days before the town meeting or upon March 29, 1905. The statutory requirements are found in secs. 776, 778, and 779, Stats. (1898), and ch. 309, Laws of 1903.

Because a verdict was directed, we must assume as most favorable to the appellant, for the purpose of this review, that the petition of the freeholders was delivered to the town clerk less than twenty days before the holding of the town meeting and that the notices were posted up less than fifteen days prior to such meeting. The clerk failed to make any record of the petition or notice. The matter was laid before the electors at the ensuing town meeting, and the proposition to purchase was carried by a vote of 91 to 87. This item of $656 was thereafter placed in the tax roll and collected. March 27, 1906, the town board issued an order to the Modern Woodmen of America for $656 as the purchase price of the half interest in the hall. The defendant as officer of the association received and receipted for this order and delivered it to the association, which took it into its treasury. Thereafter, pursuant to a resolution which had been adopted on June 17, 1905, the association delivered this town order to the defendant in payment of his demand against the association. He credited the association with that amount on his books and forwarded the town order by mail to the treasurer of the

town, who paid the same to him some time after April, 1906. The defendant's term of office as chairman of the town board of supervisors expired in April, 1906, and he was succeeded in that office by one Kalkofen. The town occupied the hall for town purposes from April, 1905, to the spring of 1908. But there had been a previous occupancy by the town under oral lease or agreement, which occupancy continued without interruption. A warranty deed of a half interest in the lots in question, in which the plaintiff was grantee, was tendered to the defendant for execution by one of the supervisors and the defendant refused to sign it. He had no title to the property at the time. This tender was made in May or June, 1906. He objected to giving a deed because the petition, as he claimed, did not state that they were to convey any lots or real estate to the town but only a half interest in the hall. He also objected because the deed purported to run from him to the town. Who was grantor in this deed does not clearly appear.

It was admitted during the trial "that the title to lots 2 and 3, block 16, village of Elmhurst, which is the lot known as the Modern Woodmen Hall in that village, stands as follows: On December 27, 1900, there was a deed made from H. P. Carle to grantee Sunrise Camp No. 3062, Modern Woodmen, of Elmhurst, Langlade county, Wisconsin, recorded in volume 49 of Deeds, page 256, which is the lot upon which the Modern Woodmen of America Hall stands." In this condition and upon this form of petition, "for the purpose of buying a one-half interest in the hall," etc., *prima facie* the association sold and the town purchased an undivided one-half interest in the building and in the grounds upon which it stands free from incumbrances. This is *prima facie* the proper construction of the instrument. *Wilson v. Hunter,* 14 Wis. 683; *Clements v. Collins,* 2 Term Rep. 498, 502; *Gibson v. Brockway,* 8 N. H. 465, 470; *Board of Ed. v. State,* 64 Kan. 6, 67 Pac. 559; *Common Council v. State,* 5

Ind. 334; *Rogers v. Smith,* 4 Pa. St. 93; *Eliot v. Carter,* 12 Pick. 436, 440; *Brown v. Turner,* 113 Mo. 27, 20 S. W. 660; *Bacon v. Bowdoin,* 22 Pick. 401; *Webster v. Potter,* 105 Mass. 414; *Workman v. Ins. Co.* 2 La. 507, 22 Am. Dec. 141; *Wade v. Odle,* 21 Tex. Civ. App. 656, 54 S. W. 786, 788.

We have then a case where the chairman of the town board ·of supervisors, who was also officer of an association owning a hall and the lot upon which it stood, presented to the town clerk a petition signed by fifteen electors, asking that the question of purchasing a one-half interest in this hall be submitted to the voters at the ensuing town meeting. The petition is presented and filed and the notices that this subject would be voted upon given short of the time required by law. ·The petition on its face, fairly construed, means to purchase a half interest in the hall and in the lots upon which it stands. Notwithstanding the informality in presentation of this question to the electors, the proposition to purchase was carried. The supervisor, acting for the association and for the town, procures a town order for the amount payable to the association, receipts for it as officer of the association, and delivers it to the association without requiring any conveyance to the town from the association. This is a manifest dereliction of duty on his part as chairman of the town board of supervisors. No prudent man would conduct his business in this way. He receives the town order back from the asso- ·ciation and procures the money thereon from the town treasurer. The upshot of the whole matter is that by dereliction of his duty as town officer he has come into the possession of $656 of the money of the town for which the town has re- ·ceived no consideration except the occasional use of the hall during two years.

The question of purchase was not submitted to the electors as required by statute. Whether this irregularity standing alone would have been sufficient to entitle the town to recover

had the town received the consideration, and considering that. the funds were raised by taxation and came into the town. treasury for this purpose, we need not here determine. But the omission to file the petition within the time required by law, the failure to give the notice so required, the delinquency of the defendant in failing to insist upon a conveyance to the· town before or at the time of delivering the town order and while he was acting in the dual capacity of town officer giving, and association officer getting, the town order, and his subsequent receipt of the money from the town treasurer as transferee of the association, which, to his knowledge, had rendered no consideration for this money, combined with the· defects above noted in the proceedings, rendered the defendant liable for the return of this money, with interest at the· legal rate, if such facts can be considered established. *Remington v. Ward,* 78 Wis. 539, 47 N. W. 659; *Glendale Inv. Asso. v. Harvey L. Co.* 114 Wis. 408, 90 N. W. 456; *Chippewa B. Co. v. Durand,* 122 Wis. 85, 99 N. W. 603. There was, to say the least, a case for the jury, and the direction of a verdict for defendant was error.

It is contended there was no sufficient authority to bring· this action conferred by the electors upon the present town officers. This authority was in the form of a resolution adopted at town meeting, which instructed the town officers "to start an action against the Modern Woodmen of America. and *George Wunderlich,* especially if they don't get satisfaction about the town hall." The resolution is sufficient. Under this resolution it was for the counsel employed, skilled in the law, and not for the electors or the officers, to determine what form of.action would be most appropriate and effective upon the existing facts, and also to determine whether the action should be joint or several.

The judgment of the circuit court should be reversed, and the cause remanded for further proceedings according to law.

*By the Court.*—It is so ordered.