**MASSACHUSETTS AUDUBON SOCIETY, INC., a corporation, etc., et al., v. ORMOND VILLAGE IMPROVEMENT ASSOCIATION OF ORMOND, FLORIDA, a corporation, etc., et al.**

10 So. (2nd) 494                                    June Term, 1942
November 20, 1942                                   Division B

*John R. Parkinson,* for appellants.
*Hull, Landis, Graham & French,* for appellees.

TERRELL, J.:

In November, 1918, Martha A. Clarke, a maiden lady, of Ormond, Florida, executed her will in paragraph four of

which she devised a life estate in a certain property known as "Coacoochee Cottage" to Arthur B. Curtis for life with remainder to the "Trustees of Anderson and Price Memorial Building of Ormond, Florida." The Hotel Ormond was given an option to purchase the property at the death of the life tenant if it desired to do so.

This suit was instituted by the Ormond Village Improvement Association praying for a construction of the foregoing provision of the will. The defendants who are appellants here answered the bill of complaint denying that appellee was intended as the beneficiary in paragraph four but contend that if appellee is held to be such beneficiary, the testatrix did not intend to devise all the lot on which "Coacoochee Cottage" was located to it. On the issues so made, the chancellor found for the complainant. This appeal is from the final decree.

The record discloses that the testatrix had been for over twenty years the housekeeper for the Ormond Hotel which was owned by Messrs. Anderson and Price, benefactors of the Ormond community and the testatrix. The lot on which "Coacoochee Cottage" was located was 158 by 191 feet and was adjoining the Ormond Hotel property. Mr. Anderson and Mr. Price died in 1911; the testatrix died in 1933; Arthur B. Curtis the life tenant died in 1940, and the Ormond Hotel declined to exercise its option to purchase the property. About 1915, appellee constructed a new library and club building at Ormond across the front of which were placed the words "Anderson-Price Memorial" to commemorate the names of Ormond's benefactors.

Such were the primary circumstances inducing the chancellor to hold that appellee was equivalent to or identical with the legatee named in the will and was intended as the beneficiary under it. The general rule is that misnomer of a legatee will not defeat a bequest where the one intended can be identified with certainty. Sheldon v. Powell, 99 Fla. 782, 128 So. 858; Caldwell National Bank v. Rickard, 103 N. J. Eq. 516, 143 Atl. 745. We think the evidence here is conclusive on this point.

It is next contended that even if the testatrix intended

that appellee receive Coacoochee Cottage it was not intended that all the lot on which it was located should pass under the will.

This contention is predicated on the fact that another cottage was constructed on the lot after the will was executed and that there was a later codicil executed which had the effect of republishing the will.

The codicil in no respect modified that part of the will making the request in question and it is shown that the subsequent cottage was built for rent purposes. The rule is that the devise of a particularly described dwelling carries with it the real property, grounds and out-buildings on which the dwelling is located. The lot on which Coacoochee Cottage was located was never divided and was carried for taxing, and other purposes as a single entity. There is no substantial showing that the bequest in this case was intended to carry less than the full lot. Board of Education of the City of Topeka v. State, 64 Kan. 6, 67 Pac. 559; Words and Phrases Vol. 19, pages 687-688.

We are not unmindful of the rule that the execution of a codicil has the effect of republishing the will as of the date of the codicil but the rule is not absolute and must always give way to the intent of the testator. In re Edwards Estate, 254 Pa. 159, 98 Atl. 829. The chancellor knew the parties and the circumstances and the record amply supports his decree.

We find no reversible error so the decree appealed from is affirmed.

Affirmed.

BROWN, C. J., CHAPMAN and THOMAS, JJ., concur.