CARROLL, Judge.
Centex Homes Corporation (herein referred to as the corporation) filed an action against Metropolitan Dade County, its Pollution Control officer, the regional engineer of the State Pollution Control Department, and the Director of the County Building and Zoning Department.
In the complaint it was alleged the corporation had been engaged since 1968 in development of a condominium complex known as the Winston Towers Project, located in the unincorporated area of Dade County; that it had applied for a building permit for construction of an additional condominium building in said complex to be known as Winston Towers 500; that in order to meet a requirement for a separate system for sewerage disposal for said Towers 500, a structure for a package treatment facility for sewerage disposal was proposed, and the plans therefor submitted; that the County Pollution Control officer and the regional engineer for the state pollution control department had initially approved the planned facility as meeting requirements therefor, but that the county pollution control officer had withdrawn and withheld his approval thereof, without right or authority. An alternative writ of mandamus was sought to compel the issuance of approval by the county and state pollution control officers, and to compel the county to issue a building permit.
An alternative writ of mandamus was issued. In response thereto the defendants did not contend the proposed package treatment facility for sewerage disposal failed to meet the standards therefor, but averred the county pollution control officer had withheld approval of the facility because certain of the existing condominium associations in the project had asserted that by contract with the corporation they were entitled to use of the area upon which the facility would be located. In the answer the defendants contended the county pollution control officer acted in the exercise of his discretion, and had properly denied approval of the facility when doubt existed as to whether the corporation had title to, or right to use the platted open area upon which the facility would be placed.
The condominium associations of Winston Towers 100 and 200 and Ralph Madonna on behalf of the unit owners thereof moved to intervene, alleging, as had been stated in the defendants’ response, that by declarations of condominium relating to the condominium associations of Winston Towers 100, 200 and 300, the corporation had divested itself and had conferred upon the condominium association and the owners of units therein the use rights to such land. An order was entered denying the petition to intervene, from which the said petitioners appealed. (No. 73-1426). It appears from the record that in denying the petition for intervention the trial court was of the view it would be more appropriate for the intervenors to proceed against the corporation in a separate action to seek to establish their right to use of such open area of the complex and for redress for breach of contract, if it should be determined that placing the facility thereon was a breach of contract by the corporation.
Upon final hearing the trial court granted judgment for the corporation and issued a peremptory writ of mandamus directing the county pollution control officer to issue approval of the package treatment facility for sewerage disposal and restraining the county’s “officers and officials” from *233 impeding the issuance thereof. The defendants filed this appeal therefrom. A motion for consolidation of the two appeals was denied.
Mandamus will issue to compel an official to perform a ministerial act which is shown to be his clear legal duty, but will not issue to compel an official to perform an act with respect to which he possesses discretion.
For the reasons set out below we hold that in the circumstances of this case, a lawful basis was established for the issuance of the peremptory writ of mandamus.
In the Code of Metropolitan Dade County, § 24-30(1), it is stated: “No building permit involving the generation and discharge of effluents shall be issued by the county or any municipality unless the application for a building permit or plans for construction thereof shows approval by the pollution control officer. The provisions of this section shall not apply to facilities discharging wastes to a public sewer system approved by the pollution control officer.”
The action of the county pollution control officer, in approving or disapproving a sewerage facility of the kind proposed in this instance, necessarily involves the exercise of discretion by that official. However, the above quoted provision of the Code does not specify the elements or features in regard to a facility of this kind upon which the exercise of such discretion shall be predicated.
The transcript of the proceedings on final hearing reveals it consisted mostly of discussions of the court and counsel for the parties, and contained little evidence.
It was not disputed that the pollution control officer had found the proposed facility was adequate as to the mechanical and operational standards, and that his approval thereof, requisite to the issuance of a building permit, would have been given except for the doubt created as to whether the corporation was entitled to place or maintain the structure on the land where it would be situated.
Throughout the final hearing counsel for the corporation took the position that whether or not the corporation had title to or right of use of the land upon which it proposed to build the sewerage disposal facility was immaterial as far as the county was concerned.[1] That position of the plaintiff was not correct under the law. In State ex rel. Lacedonia v. Harvey, Fla.1953, 68 So.2d 817, the court stated the following rule of law: “In mandamus proceedings to compel the issuance of a building permit, it must appear that the relator had a right to build on the lot upon which he desires to build.”
However, that rule was not shown to be applicable here. From the pleadings and evidence it did not appear that any exact location for the structure to house the sewage facility was shown in the plans thereof. The limited evidence at the hearing included introduction of certain drawings or area plans for the complex, showing the location of the condominiums already constructed and of that which was intended to be built, and the open areas in the complex. Among the latter was a substantial open area designated as parcel H. It was proposed in the evidence, on behalf of the corporation, that the facility could or would be located in parcel H at some point at least 300 feet from the nearest condominium building and that it would be protected and obscured by trees or shrubbery. Assuming the open area, parcel H, was included in the declarations of condominium to be for use of the condominium associations or unit owners therein, wheth *234 er the proposed use by the corporation of a portion of such area for the essential sewage facility would constitute a breach of the declarations of condominiums regarding use of the open areas, a question or circumstance as to which we express no opinion herein, it is not a matter that would justify a denial of approval of the sewage facility by the pollution control officer, although it could be a factor bearing on the issuance of a building permit by the defendant county.
Judgment affirmed.

. For example, counsel for the corporation stated: “Your Honor, the first point we would like to make is when an application on its face establishes the standing of an applieant to seek a building permit, the Building Department must issue that permit, even if it has informal information that some issue exists as to the right to use the property.”