RYDER, Chief Judge.
Humana, Inc., successor by merger to Apollo Medical Center, appeals a trial court order which interpreted a will and held that a devise to Apollo Medical Center had lapsed. We reverse.
The personal representative of the estate of Mabel Raquet Scheying filed a petition for instructions in the circuit court seeking clarification of paragraph twenty-second of decedent’s will, which devised one-half of her residuary estate to Apollo Medical Center. Decedent’s husband, John Scheying, was treated at Apollo Medical Center for lung cancer during the last days of his life from July 31 to August 6, 1977. He died on August 15, 1977. On May 5, 1978, Mabel Scheying changed her will to devise one-half of her residuary estate to Apollo Medical Center located at No. 400 30th Avenue South, St. Petersburg, Florida, “to be used for the acquisition of advanced medical equipment for the treatment of cancer.” At that time, Apollo Medical Center was a for profit hospital owned by Apollo Medical Center, Inc.
On October 1,1978, Humana, Inc., another for profit corporation, merged with Apollo Medical Center, Inc. and became the new owner of the hospital. Humana did not register the name in Pinellas County. The statutory publication was done in Miami and the affidavit registered in Dade County.
On April 18, 1979, the decedent executed a new will which devised one-half of her residuary estate to Apollo Medical Center “to be used for the acquisition of advanced medical equipment for the treatment of lung cancer.” Next to this paragraph is the handwritten notation “in memory of and memorial — John PS & Mabel Raquet S.”
Decedent again executed another will on June 3, 1980, which contained the same typewritten language as above and the additional typewritten phrase “in memory of and as a memorial to John P. Scheying and Mabel Raquet Scheying.”
On March 18, 1981, Humana changed Apollo Medical Center’s name to Sunbay Community Hospital. Again, the name change was registered and published in Dade County.
On May 28, 1981, decedent executed her fourth and last will. The language of paragraph twenty-second of this will was identical to the language in the June 3, 1980 will which devised one-half of her residuary estate to Apollo.
On May 6, 1983, Humana changed the hospital’s name to Humana Hospital Sun-bay. The name change was registered in Pinellas County. Although the hospital’s address has changed to 3030 6th Street South because of a rerouting of adjacent streets, at all times the hospital has been operated at the same location. Public records disclose that no entity was operated under the name of Apollo Medical Center for over two years prior to when decedent executed her last will in 1981.
Mabel Scheying died on September 24, 1984. In their petition for instructions, the personal representatives of her estate expressed doubt as to whether Apollo should be the beneficiary under paragraph twenty-second, because Apollo had been merged into Humana two and one-half years before decedent executed her last will. After a hearing, the trial court entered a final order, in which it ruled that Apollo Medical Center had ceased to exist and declared that the devise to Apollo had lapsed.
In construing a will, the primary consideration is ascertaining the intent of the testator. Dutcher v. Estate of Dutcher, 437 So.2d 788, 789 (Fla.2d DCA 1983). Furthermore, the misnomer of a devisee will not cause the devise to fail where the identity of the devisee can be identified with certainty. See Massachusetts Audubon Society, Inc. v. Ormond Village Improvement Ass’n., 152 Fla. 1, 10 So.2d 494, 495 (1942).
In this case, it is clear from the language of paragraph twenty-second of the will and the extrinsic evidence that the decedent intended to devise one-half of her *115 residuary estate to the hospital at which her husband was treated just before his death. Although Apollo had already merged into Humana when decedent executed her last will, the hospital itself did not cease to exist. It remained the same hospital at the same location where decedent’s husband received his treatment.
Because there was sufficient evidence that the decedent intended the devise to the hospital which is now known as Humana Hospital Sunbay, we must reverse. Therefore, the trial court’s order is set aside, and the court is directed to enter an order in favor of Humana as a residuary beneficiary under the will.
Reversed and remanded with instructions.
SCHEB and LEHAN, JJ., concur.