SMITH, CULVER, Associate Judge.
This is an appeal- from an order of the Circuit Court, in and for Palm Beach *302 County, which affirmed an order of the County Judge of Palm Beach County, relative to various trusts established under the will of one Samuel B. Marks. The portion of the will in controversy here reads as follows:
“Item VI
“C. Upon the death of my said wife, if she survives me, or upon my death, if she does not survive me, the entire remaining principal and undistributed income of the Residuary Trust shall be held and disposed of by my Trustees as follows
“1. A separate fund of cash and securities having a then value of $25,-000.00 shall be set aside for the benefit of my sister, Sara Press, * * *.
“2. A separate fund of cash and securities hawing a then value of $250,-000.00 shall be set aside for the benefit of my son, Seymour. * * (Emphasis supplied.)
The entire question raised upon this appeal refers to the proper construction of the italicized words, “having a then value.” It is appellant’s contention that they should be held to mean a value as of the time of setting aside the trust, whereas appellee contends that these words mean a value as of the date of the testator’s death, or of the date of his wife, if she survived him. The wife predeceased her husband, Samuel B. Marks. The County Judge, on March 16, 1956 entered an order, one paragraph of which read as follows:
“(1) That the Court construes that the words in the will ‘having a then value of’ to be construed as of the date of death.”
Upon appeal, the Circuit Court on June 11, 1956 entered its Order of Af-firmance. Appellant raises several points in support of her contention. It is conceded by both parties that in the construction of a will the intention of the testator is controlling, and that the intent must be ascertained from within the provisions of the will. Appellant first argues that, from the grammatical point of view, her contention must prevail; that the words “having a then value of” have reference only to other words in the sentence in which they appear; that the word “fund” is the subject in each of the sentences under interpretation in both wills, and therefore they have no direct reference to the word “death” appearing in the previous sentence. We cannot agree. The key word in the phrase “having a then value of” is the word “then”. This must refer to some-definite time. The only time set forth is at the death of the testator’s wife, if she should survive him, or if not, at the death-of the testator himself. It is also important to note the manner in which the will is composed. There is an Item VI. Under this are a number of main paragraphs designated A, B, C, etc. Paragraph C has a statement about death of the wife and of the testator and then states that the principal and income of the Residuary Trust shall be held and disposed of as follows: — Thereafter follow sub-paragraphs numbered 1 and 2, in which the words “having a then value” appear. These sub-paragraphs are subordinate to- and controlled by the statement made in C preceding them. It follows that the word “then” appearing in the sub-paragraphs must refer back to the time or event specified in the controlling statement of Paragraph C. Appellee cites cases from other jurisdictions wherein Courts held the value of securities for the purpose of setting up trusts should be fixed as of the time the trust is established. In these cases,, however, there is no reference to a time, either as to a date, or to the happening of an event. In the present case, if the word “then” had been omitted, the situation might be different, but its presence unmistakably shows the intention of the testator to relate the value to the happening of a certain event, which event we find to be the death of the testator’s wife, if she-survived, or if not, that of the testator.
*303 We believe that the foregoing discussion disposes of the other questions raised by appellant. Having held that the language of the will fixes the intention of the testator to have the valuation fixed as of the time of death, other considerations are unimportant. It is the intention of the testator which must control. Lapse of time between the date of death and the intervening fluctuation in the value of securities cannot be a reason for failing to carry out the intent. Whether or not the resulting distribution appears to be equitable is immaterial in carrying out the intentions expressed in the will. It is contended by appellant that if the testator intended valuation as of the date of death, he would have so stated. As said herein, we find that he did state this intention. The Order appealed from is affirmed.
KANNER, C. J., and ALLEN, J., concur.