213 So.2d 638 (1968)
In re ESTATE OF Shorey Cameron GUESS, Deceased.
No. 67-824.
District Court of Appeal of Florida. Third District.
August 13, 1968.
Rehearing Denied September 17, 1968.
Philip E. Heckerling and Thomas & Sturrup, Hollywood, for appellant.
Copeland, Therrel, Baisden & Peterson, Miami Beach, for appellee.
Before PEARSON, BARKDULL and HENDRY, JJ.
PEARSON, Judge.
Cameron Guess, a son of Shorey Cameron Guess, the testator, filed an amended petition in the probate court seeking, in *639 essence, a decree that the residuary clause of the testator's will was null and void and that the petitioner was entitled to participate in the testator's estate by virtue of descent and distribution. Upon motion of the appellee, Katherine Young Guess, the testator's widow and the executrix of his estate, the trial judge dismissed the amended petition with prejudice.
On November 18, 1943, when the testator executed his last will, he and the appellee were man and wife. They were divorced on January 15, 1960, and remarried on March 18, 1963. The testator did not execute a will or codicil subsequent to his remarriage to the appellee.
The trial judge in dismissing the petition with prejudice found:
"1. The intentions of the testator, as expressed in the Will, are clear.
"2. The Will contains a valid, clear residuary clause, which precludes the petitioner from taking under the Will.
"3. There is nothing in the subject estate to pass by descent and distribution. This point is resolved by § 731.20 (2), Florida Statutes [F.S.A.].
"4. The petitioner failed to allege facts which constitute grounds for any of the relief he seeks."
The will of Shorey Cameron Guess, after directing the payment of debts and making one bequest in the first two articles, provided:
THIRD
"Subject to the provisions of Article Second hereof:
"(a) In case my wife, Katherine Young Guess, survives me, and no issue of our marriage survives me, I give, devise and bequeath all the rest, residue and remainder of my property, real and personal, of whatever name, nature and description and wheresoever situated, to my said wife, Katherine Young Guess.
"(b) In case my said wife, Katherine Young Guess, survives me, and issue of our marriage survives me, I give, devise and bequeath to my said wife, Katherine Young Guess, one-half of all the rest, residue and remainder of my property and I give, devise and bequeath the other half of my property to the issue of my marriage to Katherine Young Guess.
"(c) In case my wife, Katherine Young Guess, predeceases me, and issue of our marriage survives me, I give, devise and bequeath all the rest, residue and remainder of my property, real and personal, of whatever name, nature and description and wheresoever situated to the issue of my marriage to Katherine Young Guess.
"(d) In case my said wife, Katherine Young Guess predeceases me, and no issue of our marriage survives me, I give, devise and bequeath all the rest, residue and remainder of my property to my son Richard Wellington Guess; my son Shorey Cameron Guess II, and to my half-brother, Harry Adelbert Guess, Jr., in equal shares. However, if any of the above named persons predeceases me, then the share of such deceased person or persons shall be divided equally among the survivor or survivors."
The petitioner-appellant's position is that § 731.101, Fla. Stat., F.S.A.,[1] renders the provisions of the will which benefit the appellee null and void; the remarriage did not revive those provisions; article three of the will is ineffective as a residuary clause; therefore, the residuum of the estate after *640 the first two articles are executed must be distributed as though the testator had died intestate. The petitioner-appellant as an heir at law would then be entitled to participate in the estate.
Appellee's position is that by the plain and unambiguous language of the will, the testator expressed an intention that the residuary estate should pass to her and the issue of his marriage to her; the appellant is named as a contingent beneficiary in the will, and if he is to participate in the estate, he can participate only in accordance with the intent of the testator as that intent appears in the provisions of the will.
The crux of this appeal is § 731.101. In Bauer v. Reese, Fla.App. 1964, 161 So.2d 678, the District Court of Appeal of Florida, First District, held that because of § 731.101, a decree of divorce rendered null and void all portions of a husband's will which provided benefits for the appellant widow and that remarriage of the testator and the appellant was inoperative in itself to renew or validate those provisions. We think it is clear that § 731.101 makes null and void all provisions of the will affecting the appellee in the case before us despite the remarriage.
The question then is what is to happen to the portion of the estate which would have gone to the appellee had the bequest not been void. Section 731.20(2), Fla. Stat., F.S.A., provides:
"(2) If a legacy or devise is void or lapses, it shall become a part of the residuum and shall pass to the residuary legatee or devisee unless a contrary intent is expressed by the testator in his will."
We may apply this statute to the case before us only if the will contains an effective residuary clause. In the present instance article three of the will contains no effective residuary clause. Paragraph (a) is ineffective as a residuary clause because issue of the marriage did survive the testator. Paragraph (b) is ineffective because the appellee is excluded from the will by the terms of § 731.101. But paragraph (b) is effective as a devise of one-half of the residuum to the issue of the marriage of the testator and the appellee. Paragraphs (c) and (d) are not effective because the appellee did not predecease the testator. It is thus apparent that there is no clause in article three which effectively provides for the distribution of the entire residuum of the estate.
We must now decide which principles of law will determine the distribution of the residuum of the estate, namely, that portion which would have gone to the appellee had the bequest to her not been void. It has been pointed out in In Re Levy's Estate, Fla.App. 1967, 196 So.2d 225, that under the provisions of § 731.20, if a will contains no residuary clause, a lapsed legacy passes by intestacy. The testator's will did not provide for the contingency which became the actuality in the present case, that is, the appellee and issue of the marriage both survived the testator, but the appellee's legacy was void. We follow In Re Levy's Estate, above, and hold that in the absence of an effective residuary clause, a void legacy passes by intestacy to a decedent's heirs at law. In the present case that portion of the estate which woud have gone to the appellee had article three been effective to permit her to take under the will shall pass to the heirs of the testator by the law of intestate descent and distribution, § 731.23, Fla. Stat., F.S.A. In his attempt to make the will carry out what he considered to be the intent of the testator, the trial court has in effect written a new provision into the will. It is not the function of courts to make or reconstruct wills according to their notions of what testators should do. Floyd v. Smith, 59 Fla. 485, 51 So. 537, 540, 37 L.R.A.,N.S., 651 (1910); Filkins v. Gurney, Fla.App. 1959, 108 So.2d 57.
It follows therefore that the order appealed must be reversed, and the cause remanded to the probate court for further proceedings not inconsistent with this opinion.
Reversed and remanded.
NOTES
[1] "Will void as affecting surviving divorced spouse.  All wills offered for and admitted to probate subsequent to June 11, 1951, made by husband or wife who have been divorced from each other subsequent to the date of said will, shall be made null and void by means of said divorce insofar as said will affects the surviving divorced spouse."