JOANOS, Judge.
Appellant Eva Killings, acting on behalf of her minor daughter Yuvonda LaTonya Burks, seeks review of a final order disposing of the personal property of decedent Billy Burks. Killings maintains the trial court erred in ordering that the personal automobile owned by Billy Burks should be divided equally among the eight children of Billy Burks, after satisfaction of a lien in the amount of $396.40. We reverse.
Billy Burks died intestate on March 15, 1984, in Leon County, Florida. The decedent is survived by eight children, two of whom are minors. Decedent’s estate consists of a 1978 Buick Regal automobile valued at $3,500, and pay checks amounting to $257. At the time of Billy Burks’ death, Lewis State Bank held a lien against the automobile in the amount of $396.40. Ethel Burks paid this lien to protect the interest of her daughter, Robin Burks, in the automobile. Robin Burks is one of the minor children of decedent.
Jacquelyn Burks and Ethel Burks, acting on behalf of Robin Burks, petitioned for disposition of decedent’s personal property without administration. The petition requested distribution of the personal property to decedent’s children, listed as: Billy Joyce Allen, daughter; Ronald Burks, son; Jacquelyn Burks, daughter; Robin Burks, daughter; Chester Burks, son; Claudia Burks, daughter; and Reginald Burks, son. Appellant, in response to the petition, alleged that in addition to the seven persons listed by petitioner, Billy Burks is survived by Yuvonda LaTonya Burks, a minor. Appellant requested distribution of the decedent’s estate in the following manner: (1) paychecks amounting to $257 to be divided equally among the eight children of decedent, and (2) the Buick Regal automobile to be given in joint possession to the two minor children.
In the final order here on review, the trial court found: (1) that Ethel Burks, on behalf of her minor daughter, has a lien on the 1978 Buick Regal automobile in the amount of $396, which amount she paid to prevent repossession; (2) that the personal property to be distributed is property exempt from funeral expenses; (3) that Yu-vonda L. Burks is the minor child of Billy Burks,[1] thus she is one of his heirs; and (4) that the personal property should be divided equally among all eight children after payment of the lien held by Ethel Burks.
A hearing was held on appellant’s response to the petition for disposition of decedent’s property. In their verified statement, Ethel Burks and Jacquelyn Burks advised that the children of decedent intended to apply the proceeds from the *829 sale of the 1978 Buick Regal automobile to pay the $3,376.86 funeral bill.
Killings maintains that Section 732.402, Florida Statutes, supplements Article X, Section 4 of the Florida Constitution, by expressly identifying personal automobiles as exempt personal property protected under the Constitution. Section 732.402, Florida Statutes (1983), provides:
732.402 Exempt property. — In addition to the homestead property passing under the law and the State Constitution, and to the family allowance under s. 732.-403, the surviving spouse of a decedent who was domiciled in Florida at the time of his death is entitled, subject to any perfected security interest, to household furniture, furnishings, and appliances in the decedent’s usual place of abode, up to a net value of $10,000, and is entitled, subject to any perfected security interest, to all automobiles held in the decedent’s name and used by him or members of his immediate family as their personal automobiles. In addition, the surviving spouse is entitled to personal effects of the decedent up to a net value of $1,000, unless the personal effects are otherwise specifically disposed of by will. If there is no surviving spouse, minor children of the decedent are entitled jointly to the same exemptions. Rights to exempt property have priority over all claims against the estate other than a perfected security interest in any item of exempt property. These rights are in addition to any benefit or share passing to the surviving spouse or minor children by the will of the decedent, unless such will provides otherwise, or by intestate succession or elective share, (emphasis supplied).
The principle is well settled that the words of a statute must be given their plain and ordinary meaning. St. Petersburg Bank and Trust Company v. Hamm, 414 So.2d 1071 (Fla.1982); S.R.G. Corporation v. Department of Revenue, 365 So.2d 687 (Fla.1978); Gar-Con Development, Inc. v. Department of Environmental Regulation, 468 So.2d 413 (Fla. 1st DCA 1985).
Since the language of Section 732.-402, Florida Statutes, is plain and without ambiguity, the statute must be enforced according to its terms. Therefore, we reverse that portion of the trial court’s order which directed that the proceeds from the sale of the 1978 Buick Regal automobile were to be divided among the decedent’s eight children, and remand for entry of an order awarding the 1978 Buick Regal to the two minor children, subject to the $396.40 lien, pursuant to Section 732.402, Florida Statutes (1983).
Reversed and remanded with directions.
ERVIN and SHIVERS, JJ., concur.

. Appellant Eva Killings submitted a birth certificate for Yuvonda LaTonya Burks, signed by Billy Burks as father. Appellees objected to submission of the birth certificate, but did not appeal the trial court’s order which recognized Yuvonda L. Burks as the minor child of Billy Burks.