WIGGINTON, Judge.
The issue presented is whether the term “automobiles” as used in section 732.-402(2)(b), Florida Statutes (1991), includes a motor home and travel trailer for purposes of exemption from a probate estate. Because we conclude that under the circumstances of this case the trial court did not err in finding that the motor home and travel trailer were not included, we affirm.
Appellant is the surviving spouse of the decedent, Hazel Corbin; appellee is the personal representative of the estate. Hazel Corbin died on December 30, 1990, owning certain property described as a pickup truck, motor home, station wagon, Lincoln Continental, and travel trailer. Each of the inventories filed by appellee listed the subject vehicles as assets of the estate. Appellant filed his petition to determine exempt property, claiming the vehicles were instead exempt from the probate estate pursuant to section 732.402(2)(b), thereby entitling him to possession and title to same.
In its order determining exempt property, the trial court included the Lincoln, the station wagon, and the pickup truck, but excluded the motor home and the travel trailer. The court reasoned that the motor home “is a recreational vehicle type unit and does not come within the definition of ‘automobile’ under the exempt property statute.” No express ruling was made on the status of the travel trailer.
In challenging the court’s ruling, appellant argues that the term “automobiles” as used in section 732.402(2)(b) is ambiguous, but that the legislative intent is apparent and the statute’s purpose is to provide a surviving spouse all such vehicles owned by the decedent at the time of death. Urging that the ambiguity should be resolved in favor of the surviving spouse, and noting that subsection (2)(b) does not specifically define “automobiles,” appellant points to a number of so-called related statutes, treatises, and case law wherein the term “automobile” falls within the definition of a motor vehicle, to advance his position that “automobiles” and “motor vehicles” are interchangeable terms. Appellant then points out that since a motor home and a travel trailer have been generally defined as motor vehicles, they must also be considered as automobiles within the sense of the statute.
In response, appellee submits that although appellant has made a compelling argument for the proposition that all “automobiles” are “motor vehicles,” he provides no authority for his assertion that all “motor vehicles” are “automobiles.” We agree with the latter statement, but only to the extent, as hereinafter discussed, that it may be proven true under the instant statute in any given case.
What the parties have failed to address in their analysis of this issue, but which we find to be pivotal in resolving the dispute, is that portion of subsection (2)(b) exempting those automobiles held in the decedent's name “and regularly used by the decedent or members of the decedent’s immediate family as their personal automobiles.’’ The emphasized language clearly narrows the statute’s focus and renders any inquiry thereunder by the trial court fact specific.
Earlier, in Killings, Burks v. Estate of Burks, 473 So.2d 827 (Fla. 1st DCA 1985), this court held that “[sjince the language of Section 732.402, Florida Statutes, is plain and without ambiguity, the statute must be enforced according to its terms.” Id. at 829.[1] More importantly, we reiterated the general principle “that the words of a stat *129 ute must be given their plain and ordinary meaning.” Id. Thus, for purposes of the instant case, “automobile” is defined in Webster’s Third New International Dictionary (unabridged) as a
... four-wheeled automotive vehicle designed for passenger transportation on streets and roadways and commonly propelled by an internal-combustion engine using a volatile fuel ...
Certainly, in a generic sense, as appellant maintains, the above definition could arguably include the subject motor home and (in some instances) the travel trailer. However, we disagree with appellant’s proposition that it includes those vehicles in all cases or that other statutes which appear to utilize the terms “motor vehicle,” “automobile,” and “recreational vehicle” interchangeably are pertinent.[2] In Gibbs v. Mayo, 81 So.2d 739 (Fla.1955), the supreme court rejected a similar argument in its attempt to address the definition of automobile and motor vehicle for purposes of determining whether an information in a criminal case charged an offense. Therein, the court simply observed: “Our own statutory definitions of motor vehicles vary_” Id. at 740. Accordingly, for example, the defining of “motor vehicle” to include “automobiles” in the motor vehicle licensing statute would necessarily differ— by virtue of the intent and purpose of the legislature — from the definition of “automobiles” for purposes of probate exemption. In respect to the latter, it was more likely than not the legislature’s intent and purpose by exempting the decedent’s personal automobiles to facilitate a smoother transition in the day-to-day routine of the surviving family members. Certainly, the above-emphasized statutory language is consistent with this interpretation.
Turning to the case before us, although in this present time it would not be inconceivable that one would use a motor home as one’s own personal vehicle, it was not demonstrated on the record before this court that either the decedent’s motor home or her travel trailer was so utilized. Consequently, we decline to overrule the trial court’s decision and therefore affirm.
BOOTH and WEBSTER, JJ., concur.

. Although in Estate of Burks this court was interpreting the 1983 version of the statute, the pertinent language therein has remained substantially unchanged.

. The term "motor vehicle” is variously defined in section 206.86(2) (pertaining to motor and other fuel taxes); chapter 316 (pertaining to uniform traffic control); and chapter 320 (concerning motor vehicle licenses); as well as chapter 627 (concerning vehicle and casualty insurance).