633 So.2d 1179 (1994)
The FINE ARTS MUSEUMS FOUNDATION, Appellant,
v.
FIRST NATIONAL IN PALM BEACH, A DIVISION OF FIRST UNION NATIONAL BANK OF FLORIDA, Stanley F. Reed, Jr. and Carol E. Hannon, Personal Representatives, Leland Stanford Junior University, Good Samaritan Foundation, and Olean General Hospital, Inc., Appellees.
No. 93-1715.
District Court of Appeal of Florida, Fourth District.
March 23, 1994.
Rehearing, Clarification, Certification and Rehearing Denied April 25, 1994.
*1180 David S. Pressly of Pressly & Pressly, P.A., West Palm Beach, for appellant.
Edward Downey of Downey & Downey, P.A., Palm Beach, for appellee-First Nat. in Palm Beach.
Robert W. Goldman of Goodman, Breen, Lile & Goldman, Naples, for appellee-Olean General Hosp.
Rehearing, Clarification, Certification and Rehearing En Banc Denied April 25, 1994.
PER CURIAM.
Appellant, the Fine Arts Museums Foundation (the Foundation), respondent below, appeals the probate court's order granting respondent Olean General Hospital's motion for summary judgment in this will contest case. Appellant argues that the probate court erred in ruling as a matter of law that the will is not ambiguous. Because the facts present a latent ambiguity as to the intended beneficiary, we reverse.
Charles Norton Adams (Testator) died on February 24, 1992, leaving a will executed on September 19, 1991. Testator's will devised one-sixth of the net proceeds from the sale of his real property located in Palm Beach "to [the] De Young Museum Art School, San Francisco, California, for scholarships for students in the art school, to be held in a fund to be known as `The Peggy Adams Scholarship Fund,' [to be] administered by the governing body of the school in its discretion." However, the corporate entity named the De Young Museum Art School was dissolved on March 29, 1988, before Testator executed his 1991 will. Presently, the De Young Museum and its art school are operated by the Foundation. In the event of a lapsed gift, a residuary clause names Olean General Hospital (Olean) as the residuary beneficiary.
First National in Palm Beach, as personal representative of Testator's estate, filed a petition for construction of will in the probate division of the circuit court. First National asked the probate court to construe Testator's will to determine which organization is entitled to the bequest designated for the "De Young Museum Art School." The petition named the Foundation as a potential taker.
Olean filed a motion for summary judgment, arguing that it was entitled to the disputed gift because the De Young Museum Art School corporation no longer exists and a lapsed gift becomes part of the residue of the estate. The Foundation filed a memorandum of law and an affidavit in opposition to the motion for summary judgment. In the affidavit, Charles Crocker, Testator's stepson and President of the Foundation, testified about the De Young Museum Art School:
For virtually all of its existence, the Art School was located in a back room of the De Young Museum, which is how my mother and stepfather remembered it. The Art School was not a "school" as such; no degrees were awarded, and it was simply a series of classes and programs serving the San Francisco community. The De Young Museum currently operates (and has operated) a similar series of classes and programs serving the San Francisco community.
My stepfather and mother considered the Art School to be a part of the De Young Museum, and never considered it to be a separate entity.
It was the intent of my stepfather and mother to benefit the De Young Museum, and the Art School was merely a vehicle for carrying out this intent.
The trial court granted Olean's motion for summary judgment, reasoning that the will is not ambiguous and that the devise to the De Young Museum Art School fails and thus the bequest passes to Olean, the residuary beneficiary.
The movant for summary judgment bears the burden of proving the absence of any question of material fact, and the court must draw every reasonable inference in favor of the nonmoving party. Landers v. Milton, 370 So.2d 368, 370 (Fla. 1979); Holl v. Talcott, 191 So.2d 40, 43-44 (Fla. 1966). A material fact, for purposes of a summary *1181 judgment motion, is a fact that is essential to the resolution of the legal questions raised in the case. If the record raises the slightest doubt that an issue might exist, then summary judgment is improper. Holland v. Verheul, 583 So.2d 788, 789 (Fla. 2d DCA 1991).
Determining whether a will is ambiguous is a question of law. Adkins v. Woodfin, 525 So.2d 447, 448 (Fla. 4th DCA 1988). Essential to the resolution of that legal question is the factual question of whom Testator intended to receive the devise to the "De Young Museum Art School."
Testator's will is not patently ambiguous because the will's language is not ambiguous on its face. Estate of Rice, 406 So.2d 469, 476 (Fla. 3d DCA 1981) (a patent ambiguity appears in the language of the will itself). However, the face of the will and the affidavit filed in opposition to Olean's motion for summary judgment reflect a classic latent ambiguity. A latent ambiguity arises when applying the words of a will to the subject matter of a devise or to a devisee renders the will ambiguous. In re Estate of Rice, 406 So.2d 469, 476 (Fla. 3d DCA 1981); In re Estate of Lenahan, 511 So.2d 365, 371 (Fla. 1st DCA 1987). In other words, latent ambiguities are either cases of equivocation or misnomer and misdescription. Scheurer v. Tomberlin, 240 So.2d 172, 175 (Fla. 1st DCA 1970).
The intention of the testator is the polestar of any will construction proceeding. Estate of Lenahan, 511 So.2d at 371-72. Consequently, where a latent ambiguity exists, extrinsic evidence reflecting the testator's intent is admissible. Id. at 371; Estate of Rice, 406 So.2d at 476. For example, in Scheurer, a testatrix devised trust income to her "presently-living grandchildren" who survive her but had no known grandchildren. The Fifth District held that the will contained a latent ambiguity and affirmed a trial court's decision allowing the admission of extrinsic evidence to show that the testatrix considered the children of her former husband's son to be her grandchildren. Scheurer, 240 So.2d at 176; see also Humana, Inc. v. Estate of Scheying, 483 So.2d 113 (Fla. 2d DCA 1986) (holding that devise to "Apollo Medical Center" should go to Humana, Inc., the corporation that acquired Apollo, because decedent intended to devise half her residuary estate to the hospital at which her husband was treated before his death).
In the instant case, the will contains a latent ambiguity in Testator's devise to the "De Young Museum Art School." This ambiguity arises because the De Young Museum and its art school, although no longer a corporation, still exist but are currently operated by the Foundation. Accordingly, the trial court erred in granting summary judgment in favor of Olean where the face of the will and the affidavit filed in opposition to the motion evidenced a latent ambiguity. From the four corners of the will, Testator's intent to leave a portion of his estate to the art school at the De Young Museum in San Francisco is clear, even though he mislabeled the intended beneficiary. Moreover, Testator's wish to honor his wife was evident in the will's provision for a scholarship fund to be known as "The Peggy Adams Scholarship Fund."
Because the will and affidavit raise a doubt as to an intended beneficiary, the trial court erred in ruling that the will was not ambiguous as a matter of law. Accordingly, this case was prematurely decided at the summary judgment stage. Therefore, we reverse the probate court's order granting Olean's motion for summary judgment and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
GUNTHER, WARNER and POLEN, JJ., concur.