BARFIELD, Judge.
Appellants challenge the trial court’s validation of decedent’s will, exclusion of some property from the estate and use of parol evidence to determine decedent’s intended distribution of her estate. We affirm in part and reverse in part.
The decedent died on December 30, 1990. She was survived by her spouse, Bill Corbin, Sr., and three adult children, Betty Guy Sherman, James Cooper, and Daulton Cooper. Sherman petitioned for administration of the decedent’s estate on January 17, 1991. Attached to the petition was a copy of the decedent’s will executed December 5, 1989, which provided in its entirety:
I, Hazel Cooper Corbin, a citizen and resident of Panama City, Bay County, State of Florida, being of sound and disposing mind and memory, do hereby make, publish and declare this to be my last Will and Testament hereby revoking any and all prior wills, codicils and testamentary dispositions.
FIRST: I give, bequeath and devise all of my estate of whatsoever kind and nature and wherever located to BETTY GUY SHERMAN to dispose of as she has been instructed to do by me.
SECOND: I desire to be buried in a Christian-like manner and that all my just debts be paid.
THIRD: I hereby appoint BETTY GUY SHERMAN to be Executrix of this, my Last Will and Testament, to serve without bond, hereby revoking all former wills by me.
Sherman was appointed personal representative.
Corbin filed motions for removal of the personal representative and for production of assets, asserting that Sherman had not accounted for all assets of the estate, that there was approximately $187,000 in certificates of deposit and money market accounts that Sherman had used for her own benefit without authority, and that actions by Sherman had resulted in decreasing the assets of the estate. We conclude the trial judge did not abuse his discretion in denying the motions. We therefore affirm the trial judge’s denial of motions for removal of the personal representative and her attorney.
Corbin filed a petition to determine exempt property pursuant to section 732.402, Florida Statutes. The trial judge determined that a motor home and a travel trailer did not come within the definition of automobile. In the present appeal, it is argued that the trial judge erred in ruling that these two vehicles did not belong to Corbin as surviving spouse because of exemption. Corbin previously challenged this interlocutory order, which was affirmed because it was not demonstrated on the record that either the motor home or the travel trailer was utilized as a personal vehicle. In re Estate of Corbin, 603 So.2d 127 (Fla. 1st DCA 1992). This determination is supported by the record in the present appeal. It is also argued that the two vehicles and a mobile home were owned by Corbin and the decedent in an estate by the entireties and that Corbin, as the surviving spouse, is the lawful owner. Although Corbin testified that these items were purchased with jointly acquired funds, each of the items at issue was titled solely in the decedent’s name. The record supports the determination by the trial judge that these items were not held as tenants by the entirety.
At the time of her death, decedent had over $200,000 in certificates of deposit, money market accounts and checking accounts which were in the name of decedent “in trust for” Betty Guy Sherman. Appellants filed a Petition to Determine Ownership of Assets in which they asserted that these funds were accumulated through the joint earnings of *41 Corbin and decedent in the course of their marriage. They further alleged that these funds were acquired by Corbin and decedent in an estate-by-the-entireties, and that Cor-bin, as the surviving spouse, is the owner. Appellees argued that the motion should be denied because there was no allegation that the funds constituted an estate asset, and there was, therefore, no issue for the probate court to determine. The trial judge dismissed the petition with leave to amend. In an amended petition, appellants made essentially the same argument but added an allegation that as a second alternative, the funds belong to decedent’s estate. The trial judge again dismissed the petition with prejudice as to the various accounts now at issue.
Appellants argue on appeal that it was not the intent of the decedent that Sherman take all the money in these accounts upon decedent’s death and the funds should have been included in estate assets. Appellants also argue that the language in decedent’s will that she was revoking any and all prior wills, codicils, and testamentary dispositions revoked the tentative trust. We disagree. A Totten trust can be revoked by a provision of the depositor’s valid will which specifically makes a different disposition of the trust funds or which gives rise to the implication that a revocation of the trust was intended to be accomplished. Serpa v. North Ridge Bank, 547 So.2d 199 (Fla. 4th DCA 1989). Assuming the dispositional portion of the decedent’s will was valid, the general language relied upon by appellants is insufficient to manifest the requisite intent to revoke. The will does not make a different disposition of the trust funds. Because the will devised the decedent’s property to Sherman to dispose of in accordance with oral instructions from the decedent, there is no indication that allowing the funds to pass to the named beneficiary is inconsistent with the decedent’s testamentary plan.
Finally, we address appellants’ argument that the will did not lawfully devise or bequeath the decedent’s estate. Appellants filed a petition to revoke probate of the will in which they argued that the will was invalid because no specific devises were made and that an instrument is not entitled to probate where it makes no affirmative disposition of property. The trial judge did not err in dismissing the petition with prejudice. The statutory definition of “will” includes an instrument which merely appoints a personal representative or revokes or revises another will. § 731.201(35), Fla.Stat. (1989).
Appellants correctly ■ contend, however, that the trial judge erred in his construction of decedent’s will and ordering distribution thereunder. In order to determine the decedent’s intention regarding her property, the trial judge allowed witnesses to testify over objection to oral statements made by the decedent regarding her intent. Based on testimony presented, the trial judge concluded that the language in the will was sufficient to create a constructive trust in favor of the beneficiaries named to Sherman by the decedent in her oral instructions.
To the extent the testimony was elicited from interested witnesses, such as Sherman and James Cooper, the testimony was barred by section 90.602, Florida Statutes. The trial judge erred in admitting and relying upon such testimony. The testimony of the non-interested witnesses was not sufficient to establish the testator’s intention with regard to the property at issue.
The reliance by the trial judge on decisions which stand for the proposition that extrinsic evidence is admissible to explain or resolve uncertainty or doubt when there is an ambiguity in a will was misplaced. In Dutcher v. Estate of Dutcher, 437 So.2d 788 (Fla. 2d DCA 1983), the will attempted to devise the majority of the decedent’s estate either to appellant or to appellant’s children. Two provisions appeared to conflict due to poor wording by the testatrix. Testimony of apparently disinterested witnesses supported the conclusion that the decedent intended the appellant to be the principal beneficiary of the will. In Scheurer v. Tomberlin, 240 So.2d 172 (Fla. 1st DCA 1970), the decedent devised the residue of her estate to her daughter-in-law as trustee to pay the income to her grandchildren. Construction of the will was necessary because the decedent had no natural children and had not adopted any children, with the result that there were no *42 known grandchildren. The absence of actual grandchildren in the face of a bequest for the benefit of presently living grandchildren pointed to the existence of a latent ambiguity in the will and under such circumstance evidence was admissible to show the persons to whom the decedent made reference.
A court may, in proper case, look beyond the face of a will if there is an ambiguity as to the person to whom it is applicable; if there is a latent ambiguity as to the identity of a legatee or devisee, or a mere inaccuracy in the designation or description contained in the will, extrinsic evidence is admissible to explain the ambiguity or inaccuracy and identify the person designated. Thus, parol evidence is admissible to explain the meaning of a description of a beneficiary named in a will that might apply to each of several persons, or to rectify a mistake made in the description of a beneficiary.
Scheurer, 240 So.2d at 175 (quoting 35 Fla. Jur., Wills, Section 253).
In the present case, there is no ambiguity. The will clearly attempts to devise the decedent’s property to Sherman for Sherman to distribute according to oral instructions from the decedent. Florida does not recognize oral wills. §§ 731.201(35); 732.502, Fla.Stat. (1989). Although the Florida Probate Code does permit incorporation of certain writings by reference in the will, there is no provision for incorporation of oral instructions or communications. See §§ 732.512; 732.515, Fla.Stat. (1989). We conclude that the provision of decedent’s will at issue was ineffective as a testamentary disposition. Because the will failed to effectively devise the property to designated beneficiaries, intestacy resulted. § 732.101, Fla. Stat. (1989). We reverse the final judgment and remand for further proceedings consistent with this decision.
Appellants also appeal an order on attorney’s fees in which the trial judge found that the position taken by Corbin that the will was totally void was frivolous and ordered portions of James Cooper’s attorney’s fees to be paid from the share of the estate awarded to Corbin. We remand for further proceedings on this issue in light of our reversal of the final judgment.
Affirmed in part, reversed in part, and remanded for further proceedings.
ALLEN and WOLF, JJ., concur.