FARMER, C.J.
We reverse a summary judgment in favor of a County and against the plaintiffs involving a negligence action arising from a motor vehicle incident. In doing so, we reject the County’s argument that plaintiffs failed to present the State Department of Insurance with the proper pre-suit *719 notice within the three-year statutory period.
In April 1998 plaintiffs were injured when a roadway caved in and their vehicle fell into a sink hole. In July 2000, plaintiffs sent a letter by certified mail to Bro-ward County and its office of Risk Management. Plaintiffs also alleged that they sent a copy of the letter to the Florida State Department of Insurance (DOI) by regular mail at the same time.
The County filed a motion for summary judgment arguing that plaintiffs did not comply with the pre-suit notice requirements of section 768.28(6). The County’s position is that plaintiffs failed to send timely notice to the DOI. In support of its motion for summary judgment, the County filed the affidavit of a DOI official, in which he swore that a search of the records for receipt of plaintiffs’ notice of claim was conducted and that, as of May 30, 2003, no notice was found. In response, plaintiffs filed an affidavit by a secretary for their attorney, swearing that “a copy was forwarded to the Department of Insurance via U.S. mail.” The trial court entered a final summary judgment of dismissal, concluding that the County had met its burden of showing conclusively that no genuine issues of material fact existed regarding the pre-suit notice to the DOI.
According to Florida law, summary judgment is proper only where “there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fla. R. Civ. P. 1.510(c). The rule is established that “[t]he moving party has the burden to conclusively prove the nonexistence of a material fact. However, once this burden is met, it then shifts to the nonmoving party.” Partridge v. Partridge, 790 So.2d 1280, 1282 (Fla. 4th DCA 2001).
Section 768.28(6)(a) provides that “[a]n action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues.... ” See Levine v. Dade County Sch. Bd., 442 So.2d 210, 212 (Fla.1983) (holding that under section 768.28 a plaintiff may not maintain an action against a state agency unless he presents written notice of a claim to the DOI despite the DOI having “no interest or role in the proceedings other than to report claims to the legislature.”).
We conclude that the secretary’s affidavit, swearing that she sent a copy of the letter to the DOI, and that she did so in all cases against a' state agency, like this County, creates a material disputed fact precluding summary judgment. Fine Arts Museums Found. v. First Nat. in Palm Beach, 633 So.2d 1179, 1181 (Fla. 4th DCA 1994), review denied, 641 So.2d 1346 (“If the record raises the slightest doubt that an issue might exist, then summary judgment is improper.”). Examining the affidavit in the light most favorable to plaintiffs, the secretary’s affidavit constitutes evidence that notice was in fact sent to DOI at the same time as the letter to the County. If this secretary’s testimony were believed by a jury it could support a verdict finding that notice was timely given, and thus plaintiffs had complied with section 768.28(6)(a). City of Lauderhill v. Rhames, 864 So.2d 432, 434 n. 1 (Fla. 4th DCA 2003) (“When reviewing a ruling on summary judgment, an appellate court must examine the record and any supporting affidavits in the light most favorable to the non-moving party.”).
We therefore reverse the summary judgment and return the case to the trial court for consistent proceedings. Because we reversé the summary judgment, we *720 also reverse the order awarding attorney’s fees and costs to the County. Fraser-Watson v. Maxim Healthcare Servs., 849 So.2d 1201, 1201 (Fla. 4th DCA 2003) (“[W]e reversed the summary judgment in the underlying case. Consequently, we reverse the judgment for costs.”).

Reversed.

STONE and TAYLOR, JJ., concur.