907 So.2d 566 (2005)
Carlos HARBIE, Appellant,
v.
Jack A. FALK, Jr., Administrator Ad Litem of the Estate of Youssef Harbie, Appellee.
No. 3D04-3041.
District Court of Appeal of Florida, Third District.
July 6, 2005.
*567 Clarke Silverglate Campbell Williams & Montgomery and Jay A. Gayoso, Miami, for appellant.
Dunwody White & Landon, P.A. and Jack A. Falk, Jr., Naples, for appellee.
Before COPE, C.J., and SHEPHERD, J., and SCHWARTZ, Senior Judge.
COPE, C.J.
Carlos Harbie appeals a final summary judgment. The trial court concluded that appellant was not a beneficiary of his father's will. We agree with the trial court and affirm the judgment.
In 1994, the testator Youssef Harbie executed a will. At the time, Youssef was married and had one child of that marriage  Rita Harbie, who was two years old. Youssef had been previously married and had a son Carlos (the appellant) who was twenty years old at the time of the execution of the will and who lived in Venezuela. Youssef was forty-six at the time he executed the will.
The appellant son was not mentioned by name in the will. The will provided:
Article II
I give, devise and bequeath 30% of my estate, being real and personal property, in which I may have any interest at the time of my death, including any property over which I have a power of appointment and any life insurance policies payable to my estate or in which I have any interest to my wife, CATIA HARBIE, if she shall survive me for thirty days. However, if she does not survive me for 30 days or at the time of my death I am no longer married to CATIA HARBIE, then she shall not inherit under this Will and all bequests meant for her benefit shall vest equally in my children to be held in Trust and administered as provided in Article III hereof. I direct that one half of my residuary estate be distributed equally among my children as survive me for thirty days, to be held in Trust and administered by my Trustee in accordance with Article III hereof. I have only one child at the time of this Will, Rita Harbie. In the event that any of my issue does not so survive me, then and in that event his/her share of this bequest shall go to his or her issue, per stirpes to be held in Trust and administered by my Trustee in accordance with Article III hereof or, if there are no such issue, to my then remaining children.
(Emphasis added).
In 2002 Youssef died. Carlos made a claim to share in the estate under the will.
*568 He argued that as one of Youssef's children, he was a beneficiary.
The estate filed a motion for summary judgment, supported by the affidavit of the attorney who drew up the will. The affidavit stated:
1. I am an attorney licensed in the State of Florida.
2. I represented Youssef Harbie ("Youssef") for several years in connection with personal and business matters.
3. I represented Youssef in the preparation and execution of his Last Will and Testament dated February 3, 1994, which I drafted (the "Will").
4. I have no financial interest in the outcome of this proceeding or the estate of Youssef Harbie.
5. When Youssef and I discussed his desires for the distribution of assets, Youssef indicated that he wished to leave the bulk of his estate to his daughter, Rita Harbie. Youssef decided that he wanted one-half of his estate to pass to Rita Harbie. It was his desire that thirty percent of his estate pass to his spouse, Catia Harbie, and the remaining twenty percent pass to his brothers.
7.[1] Because of the possibility that Youssef might have children born in the future, I suggested the language in the Will that indicates that one-half of his estate is to pass in shares to "each then living child of mine." I felt it wise to provide for future-born children, as is my standard practice. Youssef agreed with the language I proposed.
8. Youssef never mentioned that he had another child, Carlos Harbie, and therefore he never indicated to me that he wished that Carlos share in his estate.
9. The reference to "each then living child of mine" in the Will was suggested by me in contemplation of the possibility of after-born children. Those provisions were not put in the Will in contemplation of Carlos Harbie receiving a share of the estate.
10. Youssef Harbie reviewed his Will in my presence prior to signing it, and we discussed its terms in detail.
11. I supervised the execution of the will. After the execution of the Will, Youssef took the original Will with him.
Carlos did not submit any affidavits in opposition to the motion. The trial court entered summary judgment in favor of the estate. Carlos has appealed.
The existence of a second child when the will states that there was only one child creates a latent ambiguity. See Scheurer v. Tomberlin, 240 So.2d 172, 175-176 (Fla. 1st DCA 1970)(a bequest to presently living grandchildren, in the absence of grandchildren, created a latent ambiguity within the will).[2]
Because of this, parol evidence was admissible to ascertain the testator's intent. See Campbell v. Campbell, 489 So.2d 774, 776-777 (Fla. 3d DCA 1986); In re Estate of Rice, 406 So.2d 469, 476 (Fla. 3d DCA 1981); Scheuer, 240 So.2d at 176.
Carlos argues that under this court's decision in In re Estate of Rice, 406 So.2d 469 (Fla. 3d DCA 1981), the affidavit of the lawyer who drafted the will was inadmissible. That is incorrect. In Rice, the court determined there was no ambiguity and in *569 the absence of any ambiguity, extrinsic evidence of intent was inadmissible. See id. at 476. However, Rice went on to say that extrinsic evidence would be admissible if a patent or latent ambiguity existed. See id.
In the present case a latent ambiguity existed. That being so, it was proper for the court to consider the affidavit of the drafter of the will. According to the affidavit, the testator identified his intended beneficiaries by name and the amounts they were to receive. The affidavit explains the purpose of the term "children" and the fact that this was inserted at counsel's suggestion. This resolved the ambiguity and the court correctly entered summary judgment.
Affirmed.
NOTES
[1] Through a numbering error, there is no paragraph 6 in the affidavit.
[2] For a different approach to the same issue see Estate of Neshem, 574 N.W.2d 883, 885-86 (N.D.1998), and Estate of Hurst v. Hurst, 329 Ill.App.3d 326, 263 Ill.Dec. 853, 769 N.E.2d 55, 64-65 (2002). In those jurisdictions the naming of specific individuals in the will is deemed to be dispositive and to remove any ambiguity.