SUAREZ, J.
 

 Mercy Garcia is the personal representative of her late father’s estate; she is also one of six beneficiaries of her father’s will. Three of the beneficiaries filed suit claiming the will required Ms. Garcia to sell her late father’s house and divide the proceeds among the beneficiaries. Mercy Garcia argued that the will gave her a life estate in the property, and permits her to rent out the property and keep monies derived from the rent. We affirm the trial court’s ruling that the disputed provisions of the will are ambiguous, requiring the trial court to take parol evidence to determine the testator’s intent.
 

 The will left the decedent’s house to his widow, and should she predecease him, the property was to be divided among six named family beneficiaries. The will then provides as follows:
 

 I further leave a life estate in said property to my daughter, Mercy Maqueira [Mercy Garcia], so that she may live in and enjoy this property.... Upon her death, the property shall be sold and the proceeds divided equally among those living at the time of my death so named herein.... If Mercy so desires, she may sell this property at anytime and divide the proceeds as above stated.
 

 The question presented to the trial court was whether the language “so that she may live in and enjoy this property” made the life estate determinable, requiring Mercy to either live in the property or sell it, or whether the term is one of clarification, allowing her to choose whether to live in it or not. The trial court concluded that these terms taken together are ambiguous and took evidence to determine the testator’s intent. Based upon the evidence, the trial court concluded that the decedent intended that Mercy be provided with a place for her and her children to live, and that if Mercy did not live in the property, it should be sold and the proceeds equally distributed among the six listed beneficiaries. Evidence adduced at trial revealed that Mercy did not live in the house, but
 
 *1063
 
 rented it out, and that she had no intent to live there. The trial court ordered the property to be sold because Mercy did not live in it and evidenced no intention to live in it in the future. Mercy Garcia appealed.
 

 We agree with the trial court that the provisions of the will are ambiguous. As such, the trial court correctly received par-ol evidence in order to resolve the apparently contradictory provisions.
 
 See Perkins v. O’Donald,
 
 77 Fla. 710, 82 So. 401 (1919) (holding that parol evidence may be received if the will is in some way ambiguous, in order to ascertain the testator’s intent);
 
 Harbie v. Falk,
 
 907 So.2d 566 (Fla. 3d DCA 2005);
 
 Campbell v. Campbell,
 
 489 So.2d 774, 776-777 (Fla. 3d DCA 1986);
 
 Hulsh v. Hulsh,
 
 431 So.2d 658 (Fla. 3d DCA 1983);
 
 In re Estate of Rice,
 
 406 So.2d 469 (Fla. 3d DCA 1981). The trial court based its findings on competent, substantial evidence, and we thus affirm the final judgment.
 

 Affirmed.