HAZOURI, J.
Miami Children’s Hospital Foundation, Inc. (MCHF), appeals a trial court’s order finding Miami Care Foundation, Inc. (Miami Care), to be the intended beneficiary of a pourover trust from the Estate of Elaine B. Hillman. At issue in this case is whether the trial court erred in concluding that there was an ambiguity in the trust document in order to conclude that Miami Care should be the beneficiary of the pourover trust. We find that the trust documents are clearly not ambiguous and that the trial court erred in concluding that MCHF was not the intended beneficiary of the pourover trust.
Elaine B. Hillman died on July 13, 2007. Her Last Will and Testament, dated April 27, 2004, left the residue of her estate to her Trustee under the Trust Agreement dated August 29, 1991, and the First Amendment to Trust executed on the same date as the will, April 27, 2004. The Petition for Administration of the will was filed on August 16, 2007.
On September 17, 2010, both Miami Care and MCHF were sent a Notice of Final Accounting and Petition for Discharge. In October 2010, Miami Care, joined by Dr. Anthony Wolfe, objected to the petition and final accounting based upon the First Amendment to Trust. They alleged that they “believe that Miami Care Foundation, Inc. is the proper recipient for the bequest” and they have not received confirmation that Miami Care Foundation, Inc., will receive the funds. Attached to the Objection is a letter written by Miami Care’s attorney to the personal representative’s attorney stating that they believe Miami Care is the proper recipient.
The personal representative of the estate filed a Petition to Determine Beneficiary. Attached to the petition were the Trust Agreement and the First Amendment to Trust. The First Amendment to Trust provision at issue stated:
8. Upon my death, the successor trustee shall set aside all of the trust estate which is not otherwise effectively disposed of, to be administered as follows:
A. Upon my death, the trustee shall distribute some of the assets of this Trust as follows:
[[Image here]]
(15) All the remaining property, annuities, stocks, bonds and assets in the trust shall be split among the following charities:
[[Image here]]
(e) TWENTY-FIVE PERCENT (25%) to MIAMI CHILDREN’S HOSPITAL FOUNDATION, CRANIAL/FACIAL FOUNDATION, located at 3000 S.W. 62nd Avenue, Miami, FL 33155, ATT: Dr. Anthony Wolf [sic].
*863 The petition alleges that “[b]oth Miami Children’s Hospital Foundation and Miami Care Foundation, Inc., joined by Dr. Anthony Wolf [sic] are claiming that they are the beneficiaries intended by Ms. Hill-man.”
MCHF filed a Response to Petition to Determine Beneficiary indicating that the Miami Children’s Hospital, which is supported by MCHF, offers a craniofacial surgical program as part of the services it provides to its pediatric patients. Dr. Wolfe is the director of that program and was at the time of the execution of the First Amendment to Trust. The Response also states:
8. ... The Trust and the First Amendment do not mention the Miami Care Foundation. At the time the First Amendment was executed, the Miami Care Foundation did not even exist. According to the Florida Secretary of State’s records, it was formed in January, 2006, more than a year after the First Amendment was executed and over a year before Ms. Hillman died. If it was the intended beneficiary rather than the Miami Children’s Hospital Foundation, the Trust could have been amended to so provide.
In making its ruling the trial court concluded that the trust documents were ambiguous. The basis for the perceived ambiguity was the fact that Ms. Hillman wanted Dr. Wolfe to have the ability to direct and control the assets of the pour-over trust and Dr. Wolfe was now the head of Miami Care. This interpretation contradicts the plain language in the trust documents. In addition, Miami Care was not even in existence at the time the trust documents were executed.
MCHF argues that the trial court erred in finding that there was an ambiguity on the face of the First Amendment to Trust. It argues that there is no question from the face of the First Amendment to Trust that MCHF was the designated and intended beneficiary and there was no indication that Miami Care was the intended beneficiary.
“Determining whether a will is ambiguous is a question of law.” Fine Arts Museums Found. v. First Nat’l in Palm Beach, 638 So.2d 1179, 1181 (Fla. 4th DCA 1994). In Barnett First National Bank of Jacksonville v. Cobden, 393 So.2d 78 (Fla. 5th DCA 1981), the court held:
Where the terms of an instrument are clear and unambiguous, there is no need for the court to engage in a construction of such instrument. However, where there is ambiguity or uncertainty arising from the language used which obscures the intent of the testator, construction of the instrument is necessary.
Initially, in the construction of wills and trusts, the testator’s intent should prevail. However, it is the intention which the testator expresses in the instrument that governs, not that which he might have had in mind when it was executed. In construing a will, words should be given their ordinary and usual meaning.
Id. at 79-80 (citations omitted). In Scheurer v. Tomberlin, 240 So.2d 172 (Fla. 1st DCA 1970), the court quoted 35 Fla. Jur., Wills, Section 253, as follows:
A court may, in proper case, look beyond the face of a will if there is an ambiguity as to the person to whom it is applicable; if there is a latent ambiguity as to the identity of a legatee or devisee, or a mere inaccuracy in the designation or description contained in the will, extrinsic evidence is admissible to explain the ambiguity or inaccuracy and identify the person designated. Thus, parol evidence is admissible to explain the meaning of a description of a beneficiary named in a will that might apply to each of several persons, or to rectify a mistake made in the description of a beneficiary.
*864 Scheurer, 240 So.2d at 175. However, “the general rule is that misnomer of a legatee will not defeat a bequest where the one intended can be identified with certainty.” Mass. Audubon Soc’y v. Ormond Vill. Imp. Ass’n, 152 Fla. 1, 10 So.2d 494, 495 (1942).
The bequest in Ms. Hillman’s First Amendment to Trust which is at issue in this case states: “TWENTY-FIVE PERCENT (25%) to MIAMI CHILDREN’S HOSPITAL FOUNDATION, CRANIAL/FACIAL FOUNDATION, located at 3000 S.W. 62nd Avenue, Miami, FL 33155, ATT: Dr. Anthony Wolf [sic].” This appears to unambiguously name MCHF as the beneficiary.
We therefore reverse and remand and direct the trial court to vacate its order determining that Miami Care Foundation, Inc. was the beneficiary of the pourover trust, and enter an order designating Miami Children’s Hospital, Inc. as the beneficiary of the pourover trust.
DAMOORGIAN and CIKLIN, JJ„ concur.